In re Disqualification of Sutula.

Johnson v. Mornington Lane Association.

[Cite as *In re Disqualification of Sutula*, 105 Ohio St.3d 1237, 2004-Ohio-7351.]

(No. 04-AP-075—Decided July 23, 2004.)

Moyer, C.J.

{¶ 1} Richard Johnson has filed an affidavit with the Clerk of this court under R.C. 2701.03 seeking the disqualification of Judge Kathleen Sutula from acting on any further proceedings in case No. CV–501858 in the Court of Common Pleas of Cuyahoga County, in which Johnson is the plaintiff.

{¶ 2} Affiant Johnson alleges that the judge has shown hostility toward him both in the courtroom and elsewhere, has refused to enforce subpoenas or

discovery orders, has refused to schedule a pretrial conference, has let the defendants file expert-witness reports late, and has improperly stricken affiant's reply brief in support of a summary judgment motion.

{¶ 3} Judge Sutula has responded to the affidavit, and she denies holding any feelings of bias or prejudice against the affiant. She does not recall any unpleasant in-court or out-of-court experiences with him, and she contends that most of his allegations simply reflect his disagreement with her rulings. She also cites various local court rules and court orders that help explain the basis for her various pretrial actions and her scheduling procedures.

{¶ 4} I find no basis for ordering the disqualification of Judge Sutula. The judge's failure to manage the case in just the way that the affiant would prefer does not reflect bias on the judge's part. Trial judges are entitled to exercise considerable discretion in the management of the cases on their dockets, and Judge Sutula indicates that her actions have all been taken within the requirements of local court rules and her own case-management orders. Any misinterpretation of those rules or abuse of discretion on the judge's part can be remedied on appeal.

{¶ 5} The affidavit also alleges that Judge Sutula has exhibited intemperate behavior toward the affiant both in the courtroom and in other venues. None of alleged comments and behavior suggest that the judge holds a fixed opinion or has a closed mind concerning the merits of the case, however. Certainly judges and lawyers should strive in every case to offer respect, candor, and courtesy to all parties, attorneys, and courts. My review of an affidavit of disqualification focuses not simply on the level of civility shown by judges and lawyers to each other, however, but rather more broadly on the judge's willingness and ability to serve fairly and impartially on a particular case.

{¶ 6} The comments cited in the affidavit do not reflect any pervasive bias or the existence of a fixed opinion about the dispositive issues in the case. A judge's use of forceful language inside or outside the courtroom does not prevent the judge from serving fairly and impartially, and Judge Sutula appears ready and willing to decide this case on its merits without regard to any past comments that she or the affiant may have made in her courtroom or elsewhere.

{¶ 7} As I said recently, "[a] judge is presumed to follow the law and not to be biased, and the appearance of bias or prejudice must be compelling to overcome these presumptions." *In re Disqualification of George*, 100 Ohio St.3d 1241, 2003-Ohio-5489, 798 N.E.2d 23, ¶ 5. Those presumptions have not been overcome in this case.

{¶ 8} For the reasons stated above, the affidavit of disqualification is denied. The case shall proceed before Judge Sutula.