IN RE DISQUALIFICATION OF BATES.

THE STATE OF OHIO *v*. PETTAWAY.

[Cite as *In re Disqualification of Bates,* 134 Ohio St.3d 1249, 2012-Ohio-6342.]

*Judge—Affidavit of disqualification—R.C. 2701.03—Judge's disqualification not required solely because judge's spouse is prosecuting attorney of same large metropolitan area, as long as judge's spouse is not personally prosecuting case—Forceful language in denial of interim fee payment is insufficient evidence of bias or prejudice warranting disqualification.*

(No. 12-AP-052—Decided May 25, 2012.)

ON AFFIDAVIT OF DISQUALIFICATION in Lucas County Court of Common Pleas Case No. CR11-2645.

_____

**O'CONNOR, C.J.**

{¶ 1} Merle R. Dech Jr. and Mark C. Geudtner, counsel for defendant Cameo Pettaway, have filed a joint affidavit with the clerk of this court under R.C. 2701.03 seeking to disqualify Judge James D. Bates from presiding over any further proceedings in case No. CR11-2645, a death-penalty case now pending in the Court of Common Pleas of Lucas County.

{¶ 2} Affiants allege that the disqualification of Judge Bates is necessary to assure their client's rights to due process and a fair and reliable trial under the United States and Ohio Constitutions. According to affiants, the judge's impartiality may reasonably be questioned because his spouse is acting as a lawyer in the proceeding. Affiants also argue that the judge's words and actions have had a "chilling effect" on their ability to prepare for trial. Finally, they complain that Judge Bates barred the victim's mother from the courtroom during Pettaway's upcoming trial.

**{¶ 3}** Judge Bates has responded in writing to the concerns raised in the affidavit of disqualification. He maintains that his wife has had no involvement in prosecuting the underlying case. The judge further notes that this court has rejected similar arguments in other disqualification cases. Finally, Judge Bates argues that affiants' chilling-effect claim is a matter for appeal, not an affidavit of disqualification.

**{¶ 4}** For the following reasons, no basis has been established for ordering the disqualification of Judge Bates.

### Relevant Facts

**{¶ 5}** Judge Bates's wife, Julia R. Bates, is the Lucas County prosecuting attorney. As a result, Judge Bates has used a form called a "Remittal of Disqualification" to notify criminal defendants of his relationship with the county prosecutor. By signing the remittal, a defendant agrees that any "perceived conflict of interest" stemming from the judge's marital relationship is "immaterial" and Judge Bates may preside over the case. If a defendant does not sign the remittal, Judge Bates recuses himself from the case. On October 25, 2011, the affiants and defendant Pettaway signed a remittal of disqualification, allowing Judge Bates to preside over Pettaway's capital case.

**{¶ 6}** In the course of preparing for trial, the defense mitigation specialist advised the affiants that Pettaway's IQ may be in the mentally retarded range. On April 27, 2012, affiants met with Pettaway, showed him the disqualification remittal he had signed on October 25, 2011, and asked him to read it. According to affiants, Pettaway was not able to read the remittal or understand what it meant.[1]

**{¶ 7}** On May 8, 2012, affiants filed a notice in the trial court that Pettaway was withdrawing the remittal. Judge Bates denied the withdrawal the

---

1. Affiants do not indicate whether they had asked Pettaway to read the remittal in October 2011 or whether Pettaway understood what he was then signing.

next day and refused to disqualify himself from the case. Affiants then filed the instant affidavit of disqualification with this court on May 14, 2012.

**The Merits of the Affidavit of Disqualification**

*Disqualification under Jud.Cond.R. 2.11*

{¶ 8} Affiants initially assert that Rule 2.11(A)(2)(b) of the Code of Judicial Conduct requires that Judge Bates be disqualified from the underlying case. Jud.Cond.R. 2.11(A)(2)(b) provides in part that a judge shall disqualify himself or herself in any proceeding where the judge's spouse, domestic partner, or a person within the third degree of relationship to the judge is acting as a lawyer in the proceeding. Affiants argue that Judge Bates should be disqualified because his spouse, the Lucas County prosecutor, is acting as a lawyer in the underlying proceeding.

{¶ 9} A similar argument was rejected in *In re Disqualification of Corrigan*, 47 Ohio St.3d 602, 546 N.E.2d 925 (1989). In that case, the defendant sought to disqualify the trial judge because the judge's father was the Cuyahoga County prosecuting attorney. Chief Justice Moyer held that the judge's disqualification was not required solely because the judge is related to the prosecuting attorney of a large metropolitan area. *Id.* at 603. Similarly, in *In re Disqualification of Carr*, 105 Ohio St.3d 1233, 2004-Ohio-7357, 826 N.E.2d 294, the chief justice held that a judge's disqualification is not required where a government attorney who practices law with the judge's spouse appears before the judge, as long as the judge's spouse is not personally prosecuting the case. *Id.* at ¶ 15, 17. Here, affiants have offered no evidence that Prosecutor Bates has participated in the preparation or presentation of the underlying case. Therefore, Judge Bates's disqualification is not required under Jud.Cond.R. 2.11.

*Alleged Conflict of Interest*

{¶ 10} Affiants also claim that several recent events compel the disqualification of Judge Bates. Affiants have admitted to signing the

disqualification remittal along with Pettaway on October 25, but based on certain recent events, they are "no longer of the opinion" that the perceived conflict stemming from the judge's marriage to the prosecutor is immaterial. Each of their claims will be addressed in turn.

1. Adverse Rulings

**{¶ 11}** First, affiants complain that Judge Bates denied Pettaway's notice to withdraw the remittal and refused to disqualify himself from the case. They also complain that the judge denied—without holding a hearing—their "Motion for Interim Fee Payment" to the defense mitigation specialist.

**{¶ 12}** It is well settled that an affidavit of disqualification "is not a vehicle to contest matters of substantive or procedural law." *In re Disqualification of Solovan*, 100 Ohio St.3d 1214, 2003-Ohio-5484, 798 N.E.2d 3, ¶ 4. Indeed, a party's disagreement or dissatisfaction with a court's legal rulings, even if those rulings may be erroneous, is not grounds for disqualification. *In re Disqualification of Floyd*, 101 Ohio St.3d 1217, 2003-Ohio-7351, 803 N.E.2d 818, ¶ 4. Likewise, a judge's alleged failure to hold a hearing on counsel's motions is not evidence of bias or prejudice. *In re Disqualification of Eyster*, 105 Ohio St.3d 1246, 2004-Ohio-7350, 826 N.E.2d 304, ¶ 4 (a judge's action—or inaction—on a motion is within the judge's sound discretion and is not evidence of bias or prejudice). In short, trial judges are entitled to exercise their discretion in ruling on many matters, and it is not the chief justice's role in deciding an affidavit of disqualification to second-guess each ruling. The remedy for these and other legal claims, if any, lies on appeal, not through the filing of an affidavit of disqualification. *In re Disqualification of Russo*, 110 Ohio St.3d 1208, 2005-Ohio-7146, 850 N.E.2d 713, ¶ 6.

**{¶ 13}** Moreover, even if Judge Bates had allowed defendant Pettaway to withdraw his remittal, it does not automatically follow that Judge Bates will be removed from his case. Whether a judge should be disqualified from the case is

governed by R.C. 2701.03 and the Code of Judicial Conduct. Judge Bates's disqualification-remittal form is not required by any statute or rule, and Pettaway's acceptance or rejection of the remittal is not relevant in this disqualification proceeding.

2. Judicial Comments

{¶ 14} Second, affiants claim that Judge Bates used "incendiary" words in his judgment entry denying their motion for interim fee payment. Affiants refer specifically to the following comments: (1) "The bills and time expended [by the mitigation specialist] are outrageous" and (2) "This is a form of extortion upon the Court." According to affiants, the judge's remarks have had a "chilling effect" on their ability to prepare an adequate defense for trial.

{¶ 15} Judges have a duty to ensure that services billed by an expert witness are reasonable and necessary, R.C. 2929.024, so they are certainly not prohibited from voicing concerns over the defense's expenditures of court-provided funds. Indeed, judges are entitled to express dissatisfaction with an attorney's conduct and tactics, *In re Disqualification of Corrigan*, 105 Ohio St.3d 1243, 2004-Ohio-7354, 826 N.E.2d 302, ¶ 10, and the same would hold true of the conduct and tactics of an expert witness hired by defense counsel. *See also In re Disqualification of Sutula*, 105 Ohio St.3d 1237, 2004-Ohio-7351, 826 N.E.2d 297, ¶ 6 ("A judge's use of forceful language inside or outside the courtroom does not prevent the judge from serving fairly and impartially* * *"). The judge's dissatisfaction, however, "can and should be expressed in a way that promotes public confidence in the integrity, dignity, and impartiality of the judiciary." *Corrigan* at ¶ 10. *See also* Jud.Cond.R. 1.2.

{¶ 16} The judge's statement describing the expert's bills and services as "outrageous" was not improper. His use of the word "extortion" in reference to the request for additional court funds was, however, unnecessary. As the Code of Judicial Conduct directs, judges should be "patient, dignified, and courteous" to

litigants, lawyers, and others in an official capacity and should refrain from using words or conduct that might manifest bias or prejudice. Jud.Cond.R. 2.8(B) and 2.3(B). While Judge Bates's remark was ill-advised, it does not convey the impression that he has reached a "fixed anticipatory judgment" that will prevent him from presiding over the case with an "open state of mind * * * governed by the law and the facts." *State ex rel. Pratt v. Weygandt*, 164 Ohio St. 463, 469, 132 N.E.2d 191 (1956).

{¶ 17} Moreover, affiants have offered no evidence that the judge's comments have caused a "chilling effect" on their ability to mount a proper defense. The record before this court reflects that Judge Bates has approved three separate funding requests from the defense for the mitigation specialist, for a total of $21,000. Affiants, nevertheless, state that their expert is reluctant to perform any further services for fear that she will not be paid. But affiants have not submitted an affidavit from the expert attesting to that fact. *See In re Disqualification of Crow,* 91 Ohio St.3d 1209, 741 N.E.2d 137 (2000) (denying disqualification when affiants failed to document claims of bias by providing supporting evidence). In addition, Judge Bates granted a recent defense request for funds for the mitigation specialist—in the amount of $7,000—on April 12, 2012, so this fear appears to be unfounded and speculative. On this record, no reasonable and objective observer would harbor serious doubts about Judge Bates's impartiality. *See In re Disqualification of Lewis*, 117 Ohio St.3d 1227, 2004-Ohio-7359, 884 N.E.2d 1082, ¶ 8 (setting forth the proper test for disqualifying a judge based on an appearance of impropriety).

3. Barring Victim's Mother from Courtroom

{¶ 18} Affiants' final allegation concerns the judge's April 24, 2012 order to ban the victim's mother, Maytee Clark, from the courtroom during Pettaway's trial. Sometime around April 17, 2012, the affiants subpoenaed Clark to testify, and they "are hopeful that Judge Bates does not interpret his April 24, 2012 order

to prohibit the defense from calling Mrs. Clark as a witness." Affiants are also "very fearful that Mrs. Clark will interpret Judge Bates' order as a license to ignore the defendant's subpoena." Affiants do not articulate any reason why their hopes and fears would mandate the judge's disqualification from the underlying case. *See* R.C. 2701.03(B)(1) (requiring affiant to include specific allegations of bias, prejudice, or disqualifying interest and the facts to support those allegations); *In re Disqualification of Solovan*, 100 Ohio St.3d 1214, 2003-Ohio-5484, 798 N.E.2d 3, ¶ 5 (rejecting allegation where chief justice is left to speculate as to what actions of judge affiant considers biased or prejudicial); *In re Disqualification of Walker*, 36 Ohio St.3d 606, 522 N.E.2d 460 (1988) (vague or unsubstantiated allegations are insufficient to establish bias or prejudice).

### Conclusion

{¶ 19} "A judge is presumed to follow the law and not to be biased, and the appearance of bias or prejudice must be compelling to overcome these presumptions." *In re Disqualification of George,* 100 Ohio St.3d 1241, 2003-Ohio-5489, 798 N.E.2d 23, ¶ 5. Those presumptions have not been overcome in this case.

{¶ 20} For the reasons stated above, the affidavit of disqualification is denied. The case may proceed before Judge Bates.

———————————