IN RE DISQUALIFICATION OF HARWOOD.

PROUDFOOT *v*. PROUDFOOT.

[Cite as *In re Disqualification of Harwood,* 137 Ohio St.3d 1221,

2013-Ohio-5256.]

*Judges—Affidavit of disqualification—R.C. 2701.03—Judges are entitled to express dissatisfaction with an attorney's conduct—Dissatisfaction should be expressed in a way that promotes public confidence in the integrity, dignity, and impartiality of the judiciary.*

(No. 13-AP-091—Decided October 10, 2013.)

ON AFFIDAVIT OF DISQUALIFICATION in Trumbull County Court of Common Pleas, Domestic Relations Division, Case No. 13-DR-74.

_____

**O'CONNOR, C.J.**

{¶ 1}  Margaret Kreiner, counsel for the plaintiff, has filed an affidavit with the clerk of this court under R.C. 2701.03 seeking to disqualify Judge Sandra Stabile Harwood from presiding over any further proceedings in case No. 13-DR-74, a divorce action pending in the domestic relations division of the Court of Common Pleas of Trumbull County.

{¶ 2}  Kreiner alleges that Judge Harwood should be disqualified because at recent prehearing and status conferences, the judge demonstrated bias in favor of defense counsel, indicated an intention to award the family home to the defendant, engaged in an improper ex parte communication, and expressed an unwillingness to continue adjudicating the case with Kreiner as counsel.

{¶ 3}  Judge Harwood has responded in writing to Kreiner's affidavit, denying any impropriety and averring that despite the allegations against her, she can decide the underlying case fairly and impartially.

**{¶ 4}** For the reasons explained below, no basis has been established to order the disqualification of Judge Harwood.

**{¶ 5}** A "presumption of impartiality" is "accorded all judges" in affidavit-of-disqualification proceedings. *In re Disqualification of Celebrezze*, 101 Ohio St.3d 1224, 2003-Ohio-7352, 803 N.E.2d 823, ¶ 7. In addition, the burden in these cases falls on the affiant to submit sufficient evidence demonstrating that disqualification is warranted. *See* R.C. 2701.03(B)(1). "Generally, an affiant is required to submit evidence beyond the affidavit of disqualification supporting the allegations contained therein." *In re Disqualification of Baronzzi*, 135 Ohio St.3d 1212, 2012-Ohio-6341, 985 N.E.2d 494, ¶ 6.

**{¶ 6}** Here, Kreiner's affidavit and Judge Harwood's response indicate that they remember the events at the recent prehearing and status conferences very differently. For example, Kreiner claims that Judge Harwood told her to "shut up" and that the judge did "not want to see [Kreiner] again." Judge Harwood states that this allegation is "totally false" and an "outright lie." Kreiner alleges that Judge Harwood engaged in an improper ex parte communication with defense counsel. Judge Harwood states that this charge is "completely false" and that Kreiner's perception is "totally inaccurate" because the judge did not discuss any issue with counsel outside of Kreiner's presence. And Kreiner alleges that Judge Harwood has indicated that she will award the family home to defendant regardless of the facts in the case. According to Judge Harwood, this allegation is "totally and completely false."

**{¶ 7}** Kreiner offers only her affidavit to support her allegations, although she indicates that other people witnessed the alleged judicial misconduct, including Kreiner's associate and paralegal. Given the conflicting evidence in the record—and Kreiner's failure to substantiate her allegations with third-party affidavits or other evidence—Kreiner has failed to set forth

sufficiently compelling evidence to overcome the presumption that Judge Harwood is fair and impartial. *See, e.g.*, *Baronzzi* at ¶ 8 (affiant's "vague and unsubstantiated allegations—especially in the face of clear denials by Judge Baronzzi—are insufficient to overcome the presumption that Judge Baronzzi is fair and impartial"); *In re Disqualification of Corrigan*, 105 Ohio St.3d 1243, 2004-Ohio-7354, 826 N.E.2d 302, ¶ 8 ("In the wake of the conflicting stories presented by the various affiants, however, I cannot conclude that the judge is clearly biased and prejudiced * * *").

{¶ 8} Kreiner also claims that Judge Harwood is biased in favor of defense counsel because the judge allowed defense counsel to proceed first with her arguments at the prehearing conference and because the judge "scolded" Kreiner for attempting to point out contested facts while defense counsel was speaking. For her part, Judge Harwood acknowledges allowing defense counsel to present her arguments first at the pretrial conference, but the judge further explains that she conducts such conferences informally, with no procedure as to which side speaks first. Judge Harwood also admits scolding and reprimanding Kreiner for interrupting opposing counsel but denies that these admonitions were the result of bias against Kreiner.

{¶ 9} Contrary to Kreiner's contention, "[t]rial judges are entitled to exercise considerable discretion in the management of the cases on their dockets," *In re Disqualification of Sutula*, 105 Ohio St.3d 1237, 2004-Ohio-7351, 826 N.E.2d 297, ¶ 4, and it is not the role of the chief justice in deciding affidavits of disqualification to second-guess such matters. Here, Judge Harwood's alleged failure to conduct the pretrial conference in the manner in which Kreiner would have preferred does not reflect bias on the judge's part. *Id.* Similarly, judges are entitled to express dissatisfaction with an attorney's conduct, especially if the judge perceives that a litigant is acting unprofessionally. That dissatisfaction, however, " 'can and should be expressed in a way that promotes public

confidence in the integrity, dignity, and impartiality of the judiciary.' " *In re Disqualification of Bates*, 134 Ohio St.3d 1249, 2012-Ohio-6342, 984 N.E.2d 17, ¶ 15, quoting *In re Disqualification of Corrigan*, 105 Ohio St.3d 1243, 2004-Ohio-7354, 826 N.E.2d 302, ¶ 10.  On this record, Judge Harwood's admonitions to Kreiner do not establish bias or prejudice mandating her disqualification.

{¶ 10} In the end, "[t]he statutory right to seek disqualification of a judge is an extraordinary remedy.  * * *  A judge is presumed to follow the law and not to be biased, and the appearance of bias or prejudice must be compelling to overcome these presumptions."  *In re Disqualification of George*, 100 Ohio St.3d 1241, 2003-Ohio-5489, 798 N.E.2d 23, ¶ 5.  Those presumptions have not been overcome in this case.

{¶ 11} For the reasons stated above, the affidavit of disqualification is denied.  The case may proceed before Judge Harwood.

_____