In re Disqualification of Binette.

The State of Ohio v. Protzman.

2017-Ohio-7411.]

(No. 17-AP-045—Decided June 1, 2017.)

O'Connor, C.J.

{¶ 1} Douglas W. Merrill, counsel for the defendant, has filed an affidavit with the clerk of this court under R.C. 2701.03 seeking to disqualify Judge Roger Binette from presiding over any further proceedings in the above-captioned case.

{¶ 2} Mr. Merrill avers that Judge Binette is biased against the defendant and has prejudged any potential defense motion for judicial release. Specifically, Mr. Merrill states that the defendant previously entered into a plea agreement on the condition that the state of Ohio would not object to judicial release after the defendant served 18 months in prison. Mr. Merrill claims that at the defendant's March 2015 sentencing, Judge Binette acknowledged the plea agreement but nevertheless stated that he would not grant any motion for judicial release. And the judge has since followed through with his "prejudgment," Mr. Merrill argues, by denying both of the defendant's unopposed motions for judicial release without hearing any evidence.

{¶ 3} Judge Binette has responded in writing to Mr. Merrill's affidavit, denying any bias against the defendant and characterizing the affidavit as "misleading." Judge Binette disputes the allegation that he stated he would not grant a defense motion for judicial release. Instead, Judge Binette claims that he advised Mr. Merrill that he could file a judicial-release motion and that it would be reviewed, but because the judge had "grave concerns about recidivism with the Defendant, * * * there were no guarantees." In his response to the affidavit, the judge also provided his legal reasons for denying the defendant's two recent motions for judicial release, including that the defendant had failed to address the judge's recidivism concerns.

{¶ 4} "The term 'bias or prejudice' 'implies a hostile feeling or spirit of ill-will or undue friendship or favoritism toward one of the litigants or his attorney, with the formation of a fixed anticipatory judgment on the part of the judge, as contradistinguished from an open state of mind which will be governed by the law

and the facts.'" *In re Disqualification of O'Neill*, 100 Ohio St.3d 1232, 2002-Ohio-7479, 798 N.E.2d 17, ¶ 14, quoting *State ex rel. Pratt v. Weygandt*, 164 Ohio St. 463, 469, 132 N.E.2d 191 (1956). In affidavit-of-disqualification matters, the chief justice presumes that a judge will follow the law and is not biased and "the appearance of bias or prejudice must be compelling to overcome these presumptions." *In re Disqualification of George*, 100 Ohio St.3d 1241, 2003-Ohio-5489, 798 N.E.2d 23, ¶ 5.

{¶ 5} Based on this record, Mr. Merrill has failed to establish that Judge Binette has hostility toward the defendant combined with a fixed anticipatory judgment. Mr. Merrill and Judge Binette appear to recall the events of the March 2015 sentencing differently. But given the conflicting evidence in the record—and given Mr. Merrill's failure to substantiate his allegations with a transcript or any other evidence—the judge's presumption of impartiality has not been overcome. *See In re Disqualification of Harwood*, 137 Ohio St.3d 1221, 2013-Ohio-5256, 999 N.E.2d 681, ¶ 5.

{¶ 6} The affidavit of disqualification is denied. The case may proceed before Judge Binette.