**[Cite as *State v. Allen*, 2020-Ohio-1151.]**

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                    Court of Appeals Nos. L-19-1148
                                                                              L-19-1149
     Appellee

                                                 Trial Court Nos. CR0199702184
v.                                                                CR0199702581

Ronald S. Allen, Jr.                             **DECISION AND JUDGMENT**

     Appellant                                Decided: March 27, 2020

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Alyssa Breyman, Assistant Prosecuting Attorney, for appellee.

Ronald S. Allen, Jr., pro se.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} In this consolidated, accelerated appeal, defendant-appellant, Ronald Allen, Jr., appeals the July 1, 2019 judgment of the Lucas County Court of Common Pleas which denied his "Motion Challenging Subject Matter Jurisdiction." For the reasons that follow, we affirm.

{¶ 2} This case was first before this court over 20 years ago on direct appeal with appellant raising several arguments relating to pretrial, evidentiary, and post-trial rulings and ineffective assistance of counsel; we affirmed appellant's murder conviction and sentence. *State v. Allen*, 6th Dist. Lucas No. L-97-1444, 1999 WL 146259 (Mar. 19, 1999). Since then, appellant has filed several pro se motions challenging his convictions. *See State v. Allen*, 6th Dist. Lucas No. L-17-1225, 2018-Ohio-878, ¶ 4.

{¶ 3} The history relevant to the assignment of error before us is as follows. Shortly after appellant was indicted in June 1997, he refused to sign the remittal of disqualification form allowing Judge James Bates, husband of Lucas County Prosecutor Julia Bates, to preside over his case. Judge Bates offered this option to criminal defendants to avoid any appearance of a conflict. The case was then transferred to Judge James Jensen.

{¶ 4} In February 2013, Judge Jensen took office in the Sixth District Court of Appeals; shortly thereafter, appellant, pro se, filed the following three motions in the trial court: 1) Motion for a Final Judgment; 2) Motion to be present at the imposition of sentence Crim.R. 43; and 3) Motion for (52B Plain Error Evidentiary hearing requested). At the time the motions were filed, Judge Jensen's seat remained vacant. On September 4, 2013, Judge Bates, as the administrative judge, denied appellant's motion for a final judgment. On August 14, 2013, Judge Bates initially granted appellant's motion to be present at the imposition of sentence (resentencing); on September 4, 2013, the court denied the motion as well as the Crim.R. 52(B) plain error motion. The court

2.

concluded that it improperly granted appellant's motion for resentencing "not knowing the extent of the case and former rulings of the prior judge as well as the extensive contact with the court of appeals." The court further concluded that the subjects of appellant's motion were barred by res judicata.

{¶ 5} On September 27, 2013, following the appointment of a new judge, appellant filed a "Motion of Re-sentencing of void illegal sentence" arguing that Judge Bates erred in reversing his decision. The motion also pointed to the fact that in 1997, Judge Bates had originally recused himself and, thus, should not have made any substantive, legal rulings in violation of his due process rights. The motion was summarily denied on October 8, 2013. Appellant commenced an appeal to this court; it was dismissed as being untimely.

{¶ 6} On March 8, 2019, appellant filed a motion challenging subject-matter jurisdiction again arguing that because Judge Bates recused himself in 1997, he lacked the authority and subject-matter jurisdiction to enter an order either granting or denying the motion filed in 2013. In response, the state argued that the rulings made by Judge Bates, if in error, were voidable rather than void and that appellant waived any challenge by failing to timely object. The state further argued that any error in Judge Bates' September 4, 2013 ruling was harmless.

{¶ 7} On July 1, 2019, the trial court denied appellant's motion. The court first found that Judge Bates, as a common pleas court judge, had jurisdiction over the prosecution of felony offenses. Next, the court noted that as administrative judge, Judge

3.

Bates had the authority to "'exercise control over the administration, docket, and calendar of the court * * *.' Sup.R. 4.01(A)." Finally, the court concluded that even assuming that the Rules of Superintendence did not give Judge Bates the authority to act, appellant waived any objection due to the six-year delay. Appellant then commenced the instant appeal.

{¶ 8} Appellant, pro se, now raises the following assignment of error:

> Did Judge Bates have jurisdiction pursuant to Sup.R. 1(B) Sup.R. 4, Article IV sc.5(A) of the United State[s] Constitution once he had been recused.

{¶ 9} In appellant's sole assignment of error he argues that Judge Bates' illegal ruling was "structural error" and because his due process rights were violated he should be released. The Supreme Court of Ohio has addressed the issue of the effect of a lack of subject matter jurisdiction on a court's judgment in a death-penalty case. *Pratts v. Hurley*, 102 Ohio St.3d 81, 2004-Ohio-1980, 806 N.E.2d 992. The court explained the distinction between a court's subject matter jurisdiction or power to hear a case and a court's jurisdiction over a person. *Id.* at ¶ 11-12. "'It is only when the trial court lacks subject matter jurisdiction that its judgment is void; lack of jurisdiction over the particular case merely renders the judgment voidable.'" *Parker* at ¶ 22 (Cook, J., dissenting), quoting [*State v.*] *Swiger*, 125 Ohio App.3d at 462, 708 N.E.2d 1033." *Id.* at ¶ 12. *See Bank of Am., N.A. v. Kuchta*, 141 Ohio St.3d 75, 2014-Ohio-4275, 21 N.E.3d 1040.

4.

{¶ 10} More akin to the present facts, in *Tissue v. Tissue*, 8th Dist. Cuyahoga No. 83708, 2004-Ohio-5968, the appellant challenged the trial court's authority to modify a spousal support order after the judge had recused herself. On appeal, the court first noted that "[t]he voluntary recusal of a judge from a case makes all judicial acts by that judge on that case voidable, subject to a timely objection." *Id.* at ¶ 12. The court then concluded that because the parties were fully aware that the judge continued to preside over the case following her recusal and no objection was raised, the argument was waived. *Id.* at ¶ 13-14.

{¶ 11} In the present matter, Judge Bates' practice of having criminal defendants sign a remittal of disqualification was voluntary as disqualification is not required "solely because the judge is related to the prosecuting attorney of a large metropolitan area." *In re Disqualification of Bates*, 134 Ohio St.3d 1249, 2012-Ohio-6342, 984 N.E.2d 17, ¶ 9, citing *In re Corrigan*, 47 Ohio St.3d 602, 603, 546 N.E.2d 925 (1989) and *In re Disqualification of Carr*, 105 Ohio St.3d 1233, 2004-Ohio-7357, 826 N.E.2d 294. ¶ 15, 17. Thus, we find that the disputed rulings were voidable, not void, and were subject to waiver.

{¶ 12} Reviewing the history of the 2013 rulings, we find that while appellant did address the issue of Judge Bates' jurisdiction at that time, he failed to pursue the issue through motion and he also failed to timely file an appeal in the matter. Appellant then waited six years to raise the issue by filing his motion challenging subject-matter jurisdiction. Based on the foregoing, we conclude that appellant waived his challenge to

5.

the issue and, alternatively, the issue is barred by res judicata. Appellant's assignment of error is not well-taken.

{¶ 13} On consideration whereof, we find that appellant was not prejudiced or prevented from having a fair proceeding and the judgment of the Lucas County Court of Common Pleas is affirmed. Pursuant to App.R. 24, appellant is ordered to pay the costs of this appeal.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

_____
JUDGE

Thomas J. Osowik, J.

Gene A. Zmuda, P.J.
CONCUR.

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.