[This opinion has been published in *Ohio Official Reports* at 91 Ohio St.3d 1209.]

IN RE DISQUALIFICATION OF CROW.

IN RE APPOINTMENT OF A SPECIAL PROSECUTOR.

[Cite as *In re Disqualification of Crow*, 2000-Ohio-199.]

*Judges—Affidavit of disqualification—Failure to support allegations with supporting affidavits and documentation—Affidavits demonstrate lack of personal knowledge when based on mere "belief"—Disqualification not required.*

(No. 00-AP-097—Decided October 24, 2000.)

ON AFFIDAVIT OF DISQUALIFICATION in Meigs County Common Pleas Court case No. 00CV122.

————————————

**MOYER, C.J.**

{¶ 1} This affidavit of disqualification filed by John R. Lentes seeks the disqualification of Judge Fred Crow from further proceedings in the above-captioned case. The affiants are the Meigs County Prosecuting Attorney and two of his assistants.

{¶ 2} The underlying action was initiated by Judge Crow, based on his belief that the appointment of a special prosecuting attorney may be warranted to investigate the actions of the elected prosecuting attorney in related civil and criminal actions that previously were before the court. Having reviewed the allegations of the affiants, I cannot conclude that there exists a bias, prejudice, or other disqualifying interest that requires Judge Crow's disqualification from further proceedings in this action.

{¶ 3} Affiants make a number of claims in support of their general allegation that Judge Crow has displayed bias and prejudice toward them and cannot fairly and impartially preside over the underlying case. However, affiants

fail to document these claims by providing supporting affidavits from participants in allegedly improper conversations or providing any detail about the substance of the allegedly improper communications. Affiants also fail to include any documents that are referred to in the affidavit, such as the letter to the editor allegedly authored by a member of the judge's staff or the newspaper article that affiants claim was based on an interview with Judge Crow. Moreover, affiants demonstrate a lack of personal knowledge regarding certain of their allegations, stating in two instances their mere "belief" that particular conversations had occurred.

**{¶ 4}** Having reviewed the record before me, I conclude that the affiants have failed to demonstrate clearly the existence of bias, prejudice, or other disqualifying interest that mandates Judge Crow's disqualification from the underlying case. The matter shall proceed before Judge Crow. Having reached this conclusion, I do not find it necessary to address affiants' request that Judge Crow be disqualified from all pending cases in which the prosecuting attorney is a party or counsel for a party.

**{¶ 5}** For these reasons, the affidavit of disqualification is found not well taken and is denied.

_____