Opinion in Chambers, per Moyer, C.J.

IN RE DISQUALIFICATION OF SOLOVAN.

THE STATE EX REL. MONTGOMERY *v*. TRI-STATE GROUP, INC. ET AL.

[Cite as *In re Disqualification of Solovan*, 100 Ohio St.3d 1214, 2003-Ohio-5484.]

*Judges — Affidavit of disqualification — Disagreement with judge's asking questions during course of trial — Dissatisfaction with judge's ruling, without more, does not constitute bias or prejudice.*

(No. 02-AP-100 — Decided February 19, 2003.)

ON AFFIDAVIT OF DISQUALIFICATION in Belmont County Common Pleas Court case No. 00 CV 180.

_____

**MOYER, C.J.**

{¶1}    This affidavit of disqualification was filed by Larry A. Zink, counsel for defendants Tri-State Group, Inc. and Glenn F. Straub, seeking the disqualification of Judge John M. Solovan II from further proceedings in the above-captioned case.

{¶2}    The underlying case is a complex environmental proceeding brought by the state on behalf of the Ohio Environmental Protection Agency.  A four-day bench trial was held in August 2002, after which the trial court took the case under advisement.  This affidavit of disqualification was filed by the defendants prior to the judge's issuing his decision.

{¶3}    The affiant alleges that during the course of the trial, the judge asked more than 160 "substantive questions" during direct and cross-examination

of witnesses, and became an advocate for the plaintiff, thereby demonstrating a bias and prejudice against the defendants.

{¶4}   An affidavit of disqualification addresses the narrow issue of the possible bias or prejudice of a judge.  It is not a vehicle to contest matters of substantive or procedural law, and it is not within the scope of this proceeding to evaluate the trial court's compliance with Evid.R. 614, which addresses interrogation of witnesses by the court.  Dissatisfaction or disagreement with a judge's ruling of law, without more, does not constitute bias or prejudice and thus is not grounds for disqualification.  *In re Disqualification of Murphy* (1988), 36 Ohio St.3d 605, 522 N.E.2d 459.

{¶5}   The affidavit contains excerpts from the trial transcript that affiant claims support his allegations.  However, the affiant fails to explain how those examples indicate bias or prejudice.  Because of the technical nature of the action and the testimony, it is impossible to discern from the brief excerpts in the affidavit any evidence of bias or prejudice.  The trial transcript is 860 pages, and without clearer direction from the affiant, one is left to speculate as to what the affiant considers biased or prejudicial questioning by the trial judge.

{¶6}   "In the absence of any showing of bias, prejudice, or prodding of a witness to elicit partisan testimony, it will be presumed that the trial court acted with impartiality [in propounding to the witness questions from the bench] in attempting to ascertain a material fact or to develop the truth."  *State v. Baston* (1999), 85 Ohio St.3d 418, 426, 709 N.E.2d 128, citing *Jenkins v. Clark* (1982), 7 Ohio App.3d 93, 98, 7 OBR 124, 454 N.E.2d 541.

{¶7}   Conspicuously absent from the affidavit is a claim that objections were raised to the trial court about its questioning of witnesses.  In his response, Judge Solovan confirms that the affiant made no objections during the course of the trial to the judge's conduct.  "The traditional rule in Ohio is that the party seeking to challenge the court's questioning of a witness is required to raise an

objection with the trial court, as provided in Evid. R. 614." *Mentor-on-the-Lake v. Giffin* (1995), 105 Ohio App. 3d 441, 448, 664 N.E.2d 557. This failure to object deprived the trial judge of the opportunity to take corrective measures, if warranted.

{¶8}    A party who fails to object at trial, but then raises an issue in an affidavit of disqualification before a decision has been rendered by the court, bears a particularly heavy burden that affiant has not met.

{¶9}    For these reasons, the affidavit of disqualification is found not well taken and is denied.

_____