IN RE DISQUALIFICATION OF FLOYD.

IN RE S.G., A MINOR.

[Cite as *In re Disqualification of Floyd,*
101 Ohio St.3d 1217, 2003-Ohio-7351.]

(No. 03–AP–046—Decided July 23, 2003.)

MOYER, C.J.

{¶ 1} This affidavit of disqualification was filed pro se by Philip J. Cronmiller, father of the minor S.G., seeking the disqualification of Judge Alison Floyd from further proceedings in the above-captioned case.

{¶ 2} The underlying case is a complicated, protracted dependency and custody proceeding that was initiated in 1996, the year in which the child was born. However, Judge Floyd has been assigned to the case since only January 2001.

{¶ 3} The majority of the affidavit concerns affiant's disagreement with rulings by Judge Floyd, specifically her failure to grant his motion to modify allocation of parental rights and responsibilities filed January 10, 2001. As support for his

argument, affiant notes that Judge Floyd's decision on that motion was reversed by the Eighth District Court of Appeals, which stated that "[t]he juvenile court failed utterly in its duties in this case" and "[t]he juvenile court in this case, therefore, issued an order that was both illogical and unsubstantiated by proper evidence." *In re S.G.*, 8th Dist. No. 80952, 2003-Ohio-161, 2003 WL 125122. In her response, Judge Floyd posits that affiant's request for disqualification "is not one of bias or prejudice, but one of father's reliance on the opinion of the court of appeals."

{¶ 4} It is well established that dissatisfaction or disagreement with a judge's rulings, even if those rulings may be erroneous, does not constitute bias or prejudice and is not grounds for the judge's disqualification. *In re Disqualification of Murphy* (1988), 36 Ohio St.3d 605, 522 N.E.2d 459, citing *State v. Baker* (1984), 25 Ohio Misc.2d 11, 25 OBR 232, 495 N.E.2d 976.

{¶ 5} More troubling, however, is affiant's allegation in paragraph 7 that Judge Floyd engaged in an ex parte discussion with him. Affiant first raised this issue with Judge Floyd in a Supplemental Motion to Request Recusal that affiant filed in the trial court on April 23, 2003, prior to the filing of this affidavit of disqualification. In that supplemental motion, which is attached to the affidavit of disqualification, affiant stated that Judge Floyd had engaged in an ex parte discussion with him on the telephone on March 14, 2003. Attached to the motion was another affidavit from affiant,[1] in which he alleged that the judge engaged in a discussion of substantive matters concerning affiant's motion for "Ex Parte Immediate Possession and Custody" that he had filed on March 10, 2003.

---

1. {¶ a} Cronmiller's affidavit dated April 23, 2003, states in part:

{¶ b} "5. That I filed a motion in Cuyahoga County Juvenile Court for 'Ex Parte Immediate Possession and Custody' for my daughter's best interest on March 10th, 2003;

{¶ c} "6. That on March 14th I called the Cuyahoga County Juvenile Court and spoke with the bailiff Rita Taylor about the above motion, my question was what the court intended to do;

{¶ d} "7. That Rita Taylor mentioned to me that the Judge intended not to proceed without a hearing and I question for what reasons and to obtain what information since the Appeals Court opinion was very clear on pointing out the best interest items the Juvenile Court handled in a remiss fashion, so I mentioned that the Judge has not protected Shannon's best interest and I would seek a recusal at which point Rita said the Judge was here and wanted to talk to me, I said that would [be] fine;

{¶ e} "8. That the Judge and I had a discussion on my motion for immediate custody relative to the facts in the case and the Appeals Court opinion of which clarified best interest and I felt it justified a change in custody to me, Shannon's father;

{¶ f} "9. That the Honorable Judge Alison L. Floyd stated to me that she had no intention of changing her decision on her Judgement Entry and that it was my interpretation what the Appeals Court opinion meant, so I stated that she gave me no recourse but to file a motion for recusal, and she said that would be fine and she would send her notes to the next judge in this case, at which point Rita Taylor got back on the phone and told me I would be notified about a court date."

{¶ 6} In her response to this affidavit of disqualification, Judge Floyd did not address, and therefore did not deny, the occurrence or substance of the ex parte conversation with affiant. This is particularly troubling in light of a similar allegation in another disqualification proceeding where it also was alleged that Judge Floyd initiated and engaged in an ex parte discussion of substantive matters. As in this matter now before me, the judge also did not address or deny the allegation. See *In re Disqualification of Floyd*, 101 Ohio St.3d 1215, 2003-Ohio-7354, 803 N.E.2d 816.

{¶ 7} While the record before me may not lead to a finding of actual bias or prejudice, I do find that the unrefuted allegation of an ex parte discussion on substantive matters requires the judge's disqualification. *In re Disqualification of Floyd*, supra; *In re Disqualification of Aurelius* (1996), 77 Ohio St.3d 1254, 674 N.E.2d 362; *In re Disqualification of Cacioppo* (1996), 77 Ohio St.3d 1245, 674 N.E.2d 356.

{¶ 8} Therefore, it is ordered that Judge Floyd participate no further in these proceedings, and the case is returned to the Administrative Judge of the Cuyahoga County Juvenile Court for reassignment to another judge of that court.