IN RE DISQUALIFICATION OF BARONZZI.

IN RE G.E.

[Cite as *In re Disqualification of Baronzzi,* 135 Ohio St.3d 1212,

2012-Ohio-6341.]

*Judges—Affidavit of disqualification—R.C. 2701.03—Disqualification of judge*

*not warranted—Affiant failed to prove prejudice or bias.*

(No. 12-AP-098—Decided September 13, 2012.)

ON AFFIDAVIT OF DISQUALIFICATION in Columbiana County Court of Common

Pleas, Juvenile Division, case No. C2006-0067.

_____

O'CONNOR, C.J.

{¶ 1} Francesca T. Carinci, counsel for the obligor in the underlying case, E.E., has filed an affidavit with the clerk of this court under R.C. 2701.03 seeking to disqualify Judge Thomas M. Baronzzi from presiding over any further proceedings in case No. C2006-0067, now pending on the request of obligee in the underlying case, C.S., for child-support modification in the Juvenile Division of the Court of Common Pleas of Columbiana County.

{¶ 2} Carinci alleges that Judge Baronzzi is biased and prejudiced against E.E. Carinci's allegations can be grouped into four main categories: (1) C.S. is involved in a romantic relationship with "a good friend" of Judge Baronzzi, (2) Judge Baronzzi has made disparaging comments about E.E. off the record, (3) Judge Baronzzi has attempted to "co-counsel the case" by "pressur[ing]" C.S.'s attorney to conduct more discovery, and (4) Judge Baronzzi exhibited bias against E.E. in an August 6, 2012 entry.

{¶ 3} Judge Baronzzi has responded in writing to the concerns raised in Carinci's affidavit. Judge Baronzzi denies almost every statement in the affidavit

and finds her "false accusations" to be "outrageous, disturbing and frivolous." Judge Baronzzi admits that he has been "very frustrated" with E.E.'s "failure to adequately respond to discovery." However, Judge Baronzzi disclaims any bias or prejudice against E.E., and he contends that E.E. will be afforded "courtesy and professionalism through the conclusion of the case."

{¶ 4}   For the reasons explained below, no basis has been established to order the disqualification of Judge Baronzzi.

## Analysis

### *Judge Baronzzi's alleged "good friend"*

{¶ 5}   Carinci's allegation that C.S. is involved in a romantic relationship with a "good friend" of Judge Baronzzi does not mandate disqualification. Carinci has failed to identify this "good friend," and she has failed to explain how Judge Baronzzi's friendship with this person could reasonably affect his impartiality in the underlying case. Just as the "mere existence of a friendship between a judge and an attorney or between a judge and a party will not disqualify the judge from cases involving that attorney or party," *In re Disqualification of Bressler*, 81 Ohio St.3d 1215, 688 N.E.2d 517 (1997), the mere allegation that a party before a judge is a friend of a friend of the judge will not result in judicial disqualification. Because Carinci's assertion lacks an affirmative indication that Judge Baronzzi's friendship with the unidentified person will somehow affect the judge's consideration of the case, it is not well taken.

### *Judge Baronzzi's alleged comments made off the record* *and alleged attempts to "co-counsel" the case*

{¶ 6}   Carinci has failed to substantiate her claims that Judge Baronzzi made disparaging comments about E.E. off the record and attempted to "co-counsel" the case. In affidavit-of-disqualification proceedings, the burden falls on the affiant to submit sufficient evidence demonstrating that disqualification is

warranted. *See* R.C. 2701.03(B)(1) (requiring affiant to include specific allegations of bias, prejudice, or disqualifying interest and the facts to support those allegations). Generally, an affiant is required to submit evidence beyond the affidavit of disqualification supporting the allegations contained therein. *Compare In re Disqualification of Corrigan*, 77 Ohio St.3d 1235, 674 N.E.2d 350 (1996) (judges disqualified when affiants submitted evidentiary materials showing disqualification of all county judges was warranted) *with In re Disqualification of Crow*, 91 Ohio St.3d 1209, 741 N.E.2d 137 (2000) (judge not disqualified when affiants failed to support their general allegations with third-party affidavits).

{¶ 7} Carinci offers only her affidavit to support her allegations. A number of her claims, however, could have been substantiated by other means. For example, as part of her "co-counseling" allegation, Carinci claims that at an April 2012 hearing, Judge Baronzzi demanded that E.E. provide certain evidence, even though C.S.'s counsel had not requested the information. Yet Carinci failed to submit a transcript from the hearing to support her allegation. Likewise, Carinci failed to submit any third-party affidavit or other evidence to support her allegation that Judge Baronzzi made disparaging comments about her client off the record during pretrial conferences. Carinci's need for supporting evidence is exacerbated here because Judge Baronzzi flatly denies making any of the alleged comments or attempting to "co-counsel" the case. Judge Baronzzi further indicates that Carinci's accusations are "false" and "frivolous." Because of Carinci's failure to substantiate her claims, there is no way to determine whether Judge Baronzzi made the alleged comments, let alone whether the comments reflect bias or prejudice against E.E.

{¶ 8} The disqualification of a judge is an extraordinary remedy. *In re Disqualification of Hunter*, 36 Ohio St.3d 607, 522 N.E.2d 461 (1988). Further, a "judge is presumed to follow the law and not to be biased, and the appearance of bias or prejudice must be compelling to overcome these presumptions." *In re*

*Disqualification of George*, 100 Ohio St.3d 1241, 2003-Ohio-5489, 798 N.E.2d 23, ¶ 5. On this record, Carinci's vague and unsubstantiated allegations—especially in the face of clear denials by Judge Baronzzi—are insufficient to overcome the presumption that Judge Baronzzi is fair and impartial. *See, e.g.*, *In re Disqualification of Cacioppo*, 77 Ohio St.3d 1245, 674 N.E.2d 356 (1996) (hearsay allegations of affiant "will not stand in the face of an affirmative denial by the trial judge"); *In re Disqualification of Corrigan*, 105 Ohio St.3d 1243, 2004-Ohio-7354, 826 N.E.2d 302, ¶ 8 ("In the wake of the conflicting stories presented by the various affiants, however, I cannot conclude that the judge is clearly biased and prejudiced * * *"); *In re Disqualification of Walker*, 36 Ohio St.3d 606, 522 N.E.2d 460 (1988) ("vague, unsubstantiated allegations of the affidavit are insufficient on their face for a finding of bias or prejudice").

### *Judge Baronzzi's August 6, 2012 entry*

{¶ 9} In July 2012, Carinci filed a motion for Judge Baronzzi to recuse himself based on alleged prejudicial comments by the judge about E.E.'s lifestyle and income. Carinci has failed to submit a copy of her motion; thus, the record does not include any information regarding the substance of these alleged comments. By entry of August 6, 2012, Judge Baronzzi denied the motion. In that entry, Judge Baronzzi admits that he previously commented that E.E. was "living the life," but Judge Baronzzi claims that this comment was neither prejudicial nor inappropriate. Instead, the comment was meant to communicate to E.E. that his claims of "near poverty" were "ridiculous." As support for the "living the life" comment, the August 6 entry states that (1) there is evidence in the record demonstrating that E.E. drives expensive vehicles, takes expensive shopping trips, and travels to Las Vegas for gambling and (2) E.E. has "extensive tattoos, which were openly displayed for the Court during his testimony."

{¶ 10} In her affidavit of disqualification, Carinci describes Judge Baronzzi's August 6 entry as a "collection of musings" about E.E.'s "expensive

tattoos," and Carinci states that Judge Baronzzi should recuse himself if he has "jealousy or anger because of the appearance of Mr. [E.E.]" In addition, Carinci claims that the August 6 entry demonstrates that Judge Baronzzi has reached the opinion—before the final hearing on the matter—that E.E. is not being truthful about his income level.

{¶ 11} To be sure, "[i]f a judge's words or actions convey the impression that the judge has developed a 'hostile feeling or spirit of ill will' or reached a 'fixed anticipatory judgment' that will prevent the judge from presiding over the case with 'an open state of mind * * * governed by the law and the facts,' * * * then the judge should not remain on the case." *In re Disqualification of Synenberg*, 127 Ohio St.3d 1220, 2009-Ohio-7206, 937 N.E.2d 1011, ¶ 24, quoting *State ex rel. Pratt v. Weygandt*, 164 Ohio St. 463, 469, 132 N.E.2d 191 (1956). Here, Judge Baronzzi's comments in the August 6 entry about E.E.'s tattoos were unnecessary, but they do not demonstrate that he has developed hostile feelings toward E.E. based on his appearance. As an initial matter, the August 6 entry states that E.E. has "extensive" tattoos, not "expensive" tattoos, as Carinci alleges in her affidavit. Regardless, it is clear from the entry that Judge Baronzzi mentions E.E.'s tattoos—along with his cars and shopping and gambling trips—to imply that E.E. has more income than he portrays in court filings. A person's tattoos, however, are not indicative of the person's current income level. Thus, Judge Baronzzi's comments about E.E.'s appearance were unfortunate and probably best left unsaid. *See, e.g.*, *Disqualification of Corrigan*, 105 Ohio St.3d 1243, 2004-Ohio-7354, 826 N.E.2d 302, ¶ 10 ("[R]emarks * * * about attorneys' clothing are probably best left unsaid by judges during official proceedings").

{¶ 12} Judge Baronzzi's August 6 entry also does not indicate that he has predetermined E.E.'s income level. Judges often form conditional opinions about a case during preliminary matters, but it is well settled that the formation of these conditional opinions does not counter the presumption of the judge's ability to

preside fairly and impartially over future proceedings. *In re Disqualification of Horvath*, 105 Ohio St.3d 1247, 2004-Ohio-7356, 826 N.E.2d 305, ¶ 8; *In re Disqualification of Brown*, 74 Ohio St.3d 1250, 1251, 657 N.E.2d 1353 (1993). Judge Baronzzi affirms that he "has reserved judgment as to any amount of income or earnings of Mr. [E.E.] pending final hearing." At the final hearing, E.E. will have the opportunity to present evidence to dispute any claims about his income level. Because nothing in the record contradicts Judge Baronzzi's assurances, there is no clear existence of a fixed anticipatory judgment. Disqualification is therefore not warranted.

## Conclusion

{¶ 13} For the reasons stated above, the affidavit of disqualification is denied. The case may proceed before Judge Baronzzi.

_____