[Cite as *In re Disqualification of Carnes,* 135 Ohio St.3d 1291, 2013-Ohio-1614.]

IN RE DISQUALIFICATION OF CARNES.

IN RE GUARDIANSHIP OF BRAWLEY.

[Cite as *In re Disqualification of Carnes,* 135 Ohio St.3d 1291,

2013-Ohio-1614.]

*Judges—Affidavit of disqualification—R.C. 2701.03—Dissatisfaction with judge's*
*rulings is improper basis for seeking disqualification—Mere speculation*
*that judge's actions are tainted by bias is insufficient to show actual*
*bias—Affidavit denied.*

(No. 13-AP-017—Decided March 19, 2013.)

ON AFFIDAVIT OF DISQUALIFICATION in Portage County Court of Common Pleas,

Probate Division, Case No. 2012 GD 0059.

_____

O'CONNOR, C.J.

{¶ 1}  John B. Ertle Jr., counsel for the mother of the proposed ward in the underlying case, has filed an affidavit with the clerk of this court under R.C. 2701.03 seeking to disqualify Judge Thomas J. Carnes from presiding over any further proceedings in case No. 2012 GD 0059, a guardianship action in the Probate Division of the Court of Common Pleas of Portage County.

{¶ 2}  Ertle alleges that Judge Carnes has demonstrated a strong personal bias against him and his client, Oma Lee Brawley, because of "unfounded allegations" of sexual abuse by Brawley's husband against their daughter, the proposed ward.  As evidence of the judge's bias, Ertle points to the judge's refusal to dismiss the Ohio guardianship case, despite Brawley's prior guardianship proceeding in Texas, and the judge's alleged prejudicial comments made throughout the underlying proceedings.

**{¶ 3}** Judge Carnes has responded in writing to the allegations in Ertle's affidavit, offering a detailed account of his handling of the litigation. Judge Carnes denies any bias or prejudice against Ertle or Brawley and states that his decisions were based on the law and facts of the case and were made in his capacity as the superior guardian of the proposed ward.

**{¶ 4}** For the following reasons, no basis has been established to order the disqualification of Judge Carnes.

**{¶ 5}** First, the gravamen of Ertle's affidavit appears to be his dissatisfaction with Judge Carnes's refusal to dismiss the Ohio guardianship case. An affidavit of disqualification, however, "is not a vehicle to contest matters of substantive or procedural law." *In re Disqualification of Solovan*, 100 Ohio St.3d 1214, 2003-Ohio-5484, 798 N.E.2d 3, ¶ 4. Indeed, it is well settled that a party's disagreement or dissatisfaction with a court's legal rulings, even if those rulings may be erroneous, does not constitute bias or prejudice. *In re Disqualification of Floyd*, 101 Ohio St.3d 1217, 2003-Ohio-7351, 803 N.E.2d 818, ¶ 4. Accordingly, Ertle's disagreement with Judge Carnes's decision to exercise jurisdiction over the Ohio guardianship case is not grounds for disqualification. The remedy for this and other legal claims lies on appeal, which Ertle has already filed.

**{¶ 6}** Second, most of Ertle's allegations are based on speculation, which is insufficient to establish bias or prejudice. "A judge is presumed to follow the law and not to be biased, and the appearance of bias or prejudice must be compelling to overcome these presumptions." *In re Disqualification of George,* 100 Ohio St.3d 1241, 2003-Ohio-5489, 798 N.E.2d 23, ¶ 5. Ertle has not set forth any compelling evidence here. For example, he can only speculate that Judge Carnes requested him to read the guardian ad litem's report so that Ertle "would be repulsed and would stop advocating for [his] client." Similarly, Ertle "believes" that Judge Carnes took the mother's filing of a prohibition action against him as a "personal affront and an insult," which led to him "retaliating"

against Ertle and Brawley. In his response, however, Judge Carnes states that he provided the guardian ad litem's report to make sure that all parties had the documents provided to him by the Texas court, and he flatly denies being insulted by the pending writ case or retaliating against Ertle. On this record, Ertle's speculative allegations—especially in the face of the clear denials by Judge Carnes—are insufficient to overcome the presumption that Judge Carnes is fair and impartial. *See, e.g.*, *In re Disqualification of Flanagan*, 127 Ohio St.3d 1236, 2009-Ohio-7199, 937 N.E.2d 1023, ¶ 4 ("Allegations that are based solely on hearsay, innuendo, and speculation * * * are insufficient to establish bias or prejudice"); *In re Disqualification of Corrigan*, 105 Ohio St.3d 1243, 2004-Ohio-7354, 826 N.E.2d 302, ¶ 8 ("In the wake of the conflicting stories presented by the various affiants, however, I cannot conclude that the judge is clearly biased and prejudiced * * *").

**{¶ 7}** Finally, Ertle failed to substantiate his allegations that Judge Carnes made prejudicial comments. In affidavit-of-disqualification proceedings, the burden falls on the affiant to submit sufficient evidence demonstrating that disqualification is warranted. *See* R.C. 2701.03(B)(1). "Generally, an affiant is required to submit evidence beyond the affidavit of disqualification supporting the allegations contained therein." *In re Disqualification of Baronzzi*, 135 Ohio St.3d 1212, 2012-Ohio-6341, 985 N.E.2d 494, ¶ 6. Here, Ertle claims that Judge Carnes "repeatedly made derogatory statements on the record" and "repeatedly" stated his desire to protect the proposed ward, irrespective of the prior proceedings in Texas. Further, Ertle claims that at the February 20 hearing, Judge Carnes did not give him an opportunity to be heard and also told Ertle to "stop being such a lawyer and do the right thing."

**{¶ 8}** While Judge Carnes's response states that Ertle's affidavit includes "misstatements of facts and law," Judge Carnes has not specifically denied making any of these alleged comments. If the comments were made, they were

3

unnecessary and ill-advised. The Code of Judicial Conduct directs that judges should be "patient, dignified, and courteous" to litigants, lawyers, and others in an official capacity and should refrain from using words or conduct that might manifest bias or prejudice. Jud.Cond.R. 2.8(B) and 2.3(B).

{¶ 9} However, Ertle did not submit a transcript or other evidence to substantiate any of these alleged "on the record" statements. Because he failed to submit a transcript, there is no way to determine whether the comments were made, the specific word choice and context in which they were allegedly made, or whether the comments reflect judicial bias or prejudice against Ertle or Brawley. "The statutory right to seek disqualification of a judge is an extraordinary remedy * * *." *In re Disqualification of Hunter*, 36 Ohio St.3d 607, 608, 522 N.E.2d 461 (1988). Because Ertle has not submitted any evidentiary support, he has not established that he is entitled to such a remedy. His averments alone are insufficient to convey a conviction that Judge Carnes has developed a "hostile feeling or spirit of ill will" or reached a "fixed anticipatory judgment" that will prevent him from presiding over the remaining issues in the case with an "open state of mind * * * governed by the law and the facts." *State ex rel. Pratt v. Weygandt*, 164 Ohio St. 463, 469, 132 N.E.2d 191 (1956).

{¶ 10} For the reasons stated above, the affidavit of disqualification is denied. The case may proceed before Judge Carnes.

_____

4