IN RE DISQUALIFICATION OF GRILLO.

IN RE POTTER.

[Cite as *In re Disqualification of Grillo,* **138 Ohio St.3d 1264, 2014-Ohio-961.**]

*Judges—Affidavit of disqualification—R.C. 2701.03—Temporary orders issued pending a permanent decision on the ultimate issue do not demonstrate the formation of a fixed anticipatory judgment on the part of the judge.*

(No. 13-AP-127—Decided January 3, 2014.)

ON AFFIDAVIT OF DISQUALIFICATION in Vinton County Court of Common Pleas, Probate Division, No. 082003.

_____

**O'CONNOR, C.J.**

{¶ 1} Ramon Dean Cottrill has filed an affidavit with the clerk of this court under R.C. 2701.03 seeking to disqualify Judge N. Robert Grillo from presiding over any further proceedings in case No. 082003, a guardianship proceeding pending on the request of the ward's father for visitation with the ward.

{¶ 2} Cottrill, guardian of the ward, opposes the father's visitation request. Cottrill claims that Judge Grillo is biased and prejudiced against him and the ward because the judge has predetermined the outcome of the father's request before the hearing. Specifically, Cottrill alleges that Judge Grillo is "not governed by the law nor the facts" and "[h]is mind is closed to anything other than forcing [the] ward to visit his father."

{¶ 3} Judge Grillo has responded in writing to Cottrill's affidavit, offering a detailed account of his handling of the underlying case and denying that he has predetermined the outcome of the pending visitation request.

**{¶ 4}** For the reasons explained below, no basis has been established to order the disqualification of Judge Grillo.

**{¶ 5}** In affidavit-of-disqualification proceedings, "[t]he term 'bias or prejudice' 'implies a hostile feeling or spirit of ill-will or undue friendship or favoritism toward one of the litigants or his attorney, with the formation of a fixed anticipatory judgment on the part of the judge, as contradistinguished from an open state of mind which will be governed by the law and the facts.' " *In re Disqualification of O'Neill*, 100 Ohio St.3d 1232, 2002-Ohio-7479, 798 N.E.2d 17, ¶ 14, quoting *State ex rel. Pratt v. Weygandt*, 164 Ohio St. 463, 469, 132 N.E.2d 191 (1956). The burden falls on the affiant to submit specific allegations of bias or prejudice, *see* R.C. 2701.03(B)(1), and an affiant is generally "required to submit evidence beyond the affidavit of disqualification supporting the allegations contained therein." *In re Disqualification of Baronzzi*, 135 Ohio St.3d 1212, 2012-Ohio-6341, 985 N.E.2d 494, ¶ 6. In addition, a "presumption of impartiality" is "accorded all judges" in affidavit-of-disqualification proceedings. *In re Disqualification of Celebrezze*, 101 Ohio St.3d 1224, 2003-Ohio-7352, 803 N.E.2d 823, ¶ 7.

**{¶ 6}** Here, Cottrill speculates that Judge Grillo "does not have an open mind in this matter." To support his allegation, Cottrill cites the fact that Judge Grillo has issued temporary orders granting the father visitation with the ward. Judges, however, routinely issue temporary orders pending a permanent decision on the ultimate issue, and such temporary orders do not demonstrate the formation of a fixed anticipatory judgment on the part of the judge. For his part, Judge Grillo avers that he has not made up his mind on the pending visitation request, and although "a judge's subjective belief as to his or her own impartiality is not the decisive factor in deciding a disqualification request," the judge's own assessment is "entitled to some weight." *In re Disqualification of Lewis*, 117 Ohio St.3d 1227, 2004-Ohio-7359, 884 N.E.2d 1082, ¶ 11. On this record,

Cottrill has not set forth sufficiently compelling evidence to suggest that the presumption of impartiality afforded to all judges has been overcome. *See*, *e.g.*, *In re Disqualification of Flanagan*, 127 Ohio St.3d 1236, 2009-Ohio-7199, 937 N.E.2d 1023, ¶ 4 ("Allegations that are based solely on hearsay, innuendo, and speculation—such as those alleged here—are insufficient to establish bias or prejudice").

{¶ 7}   In addition, one of Cottrill's major complaints against Judge Grillo is the judge's determination that he had jurisdiction to entertain the father's visitation request. Cottrill argues that "[t]here is no law that gives [Judge Grillo] the power to order a 64 year old man to visit his 92 year old father." It is well settled, however, that a party's disagreement or dissatisfaction with a court's legal rulings, even if those rulings may be erroneous, does not constitute bias or prejudice and is not grounds for disqualification. *In re Disqualification of Floyd*, 101 Ohio St.3d 1217, 2003-Ohio-7351, 803 N.E.2d 818, ¶ 4. The remedy for Cottrill's legal claims lies on appeal, not through the filing of an affidavit of disqualification. *See In re Disqualification of Russo*, 110 Ohio St.3d 1208, 2005-Ohio-7146, 850 N.E.2d 713, ¶ 6.

{¶ 8}   For the reasons stated above, the affidavit of disqualification is denied. The case may proceed before Judge Grillo.

_____