IN RE DISQUALIFICATION OF LOWMAN.

LEMLEY *v.* KIRK.

[Cite as *In re Disqualification of Lowman,* 139 Ohio St.3d 1228,

2014-Ohio-2369.]

*Judges—Affidavit of disqualification—R.C. 2701.03—Disqualification denied.*

(No. 14-AP-017—Decided April 1, 2014.)

ON AFFIDAVIT OF DISQUALIFICATION in Morrow County Court of Common Pleas

Case No. 03-DR-00261.

_____

**O'CONNOR, C.J.**

**{¶ 1}** Roger Lemley, the father of the minor child at issue in this custody case, has filed an affidavit with the clerk of this court under R.C. 2701.03 seeking to disqualify Judge Charles Lowman, a retired judge sitting by assignment, from presiding over any further proceedings in case No. 03-DR-00261, now pending on Lemley's motion to allocate parental rights. This is the second affidavit of disqualification that Lemley has filed in the underlying case. His previous affidavit was denied by entry dated April 29, 2013, because Lemley failed to identify what remained pending before Judge Lowman.

**{¶ 2}** In his present affidavit, Lemley asserts that Judge Lowman is biased and prejudiced against him for the following reasons: the judge always rules in favor of the mother, despite what Lemley characterizes as "undisputed evidence" against the mother and despite the wishes of the minor child; the judge made a comment in 2008 comparing Lemley to a mass murderer; the judge has commented that he hates pro se litigants; the judge has contempt for the working poor; and the judge's comments suggest that the judge is "of mentally diminished capacity."

{¶ 3} Judge Lowman has responded in writing to the allegations in Lemley's affidavit, stating that Lemley's allegations are untrue, that he has been fair to Lemley in the past, that he will continue to be fair to Lemley in the future, and that all of his rulings have been based on the evidence and are in the best interest of the minor child.

{¶ 4} For the reasons explained below, no basis has been established to order the disqualification of Judge Lowman.

{¶ 5} First, most of Lemley's bias allegations are based on Judge Lowman's legal rulings. However, it is well settled that an affidavit of disqualification "is not a vehicle to contest matters of substantive or procedural law." *In re Disqualification of Solovan*, 100 Ohio St.3d 1214, 2003-Ohio-5484, 798 N.E.2d 3, ¶ 4. And a party's dissatisfaction with a court's legal decisions, even if those decisions are erroneous, does not constitute bias or prejudice and is not grounds for disqualification. *In re Disqualification of Floyd*, 101 Ohio St.3d 1217, 2003-Ohio-7351, 803 N.E.2d 818, ¶ 4. The remedy for Lemley's legal claims, if any, lies on appeal, not through the filing of an affidavit of disqualification. *In re Disqualification of Russo*, 110 Ohio St.3d 1208, 2005-Ohio-7146, 850 N.E.2d 713, ¶ 6.

{¶ 6} Second, Lemley has failed to substantiate his remaining claims based on the judge's alleged prejudicial comments. In affidavit-of-disqualification proceedings, the burden falls on the affiant to submit sufficient evidence demonstrating that disqualification is warranted. *See* R.C. 2701.03(B)(1). "Generally, an affiant is required to submit evidence beyond the affidavit of disqualification supporting the allegations contained therein." *In re Disqualification of Baronzzi*, 135 Ohio St.3d 1212, 2012-Ohio-6341, 985 N.E.2d 494, ¶ 6. Lemley claims that Judge Lowman made various prejudicial comments throughout these proceedings, but Lemley did not submit a transcript or other evidence to substantiate his allegations. Vague or unsubstantiated allegations are

insufficient to establish bias or prejudice. *In re Disqualification of Walker*, 36 Ohio St.3d 606, 522 N.E.2d 460 (1988).

{¶ 7} "The statutory right to seek disqualification of a judge is an extraordinary remedy. * * * A judge is presumed to follow the law and not to be biased, and the appearance of bias or prejudice must be compelling to overcome these presumptions." *In re Disqualification of George*, 100 Ohio St.3d 1241, 2003-Ohio-5489, 798 N.E.2d 23, ¶ 5. Those presumptions have not been overcome in this case.

{¶ 8} For the reasons stated above, the affidavit of disqualification is denied. The case may proceed before Judge Lowman.

————————————