IN RE DISQUALIFICATION OF KATE.

IN RE ESTATE OF HARMON.

[Cite as *In re Disqualification of Kate*, 140
Ohio St.3d 1203, 2014-Ohio-3396.]

(No. 14–AP–025—Decided April 25, 2014.)

O'CONNOR, C.J.

{¶ 1} Defendant Jon Harmon has filed an affidavit with the clerk of this court under R.C. 2701.03 seeking to disqualify Judge Linda A. Kate from presiding over case No. 2012 ES 56781, a proceeding to recover allegedly concealed or embezzled assets from an estate, pending in the Probate Division of the Court of Common Pleas of Tuscarawas County.

{¶ 2} Harmon claims that Judge Kate is biased against him and his former counsel and that the judge has shown favoritism toward the court-appointed administrator who brought the underlying case. Judge Kate has responded in writing to the allegations in Harmon's affidavit, offering a detailed account of her handling of the litigation.

{¶ 3} For the reasons explained below, no basis has been established to order the disqualification of Judge Kate.

{¶ 4} In affidavit-of-disqualification proceedings, "[a] judge is presumed to follow the law and not to be biased, and the appearance of bias or prejudice must be compelling to overcome these presumptions." *In re Disqualification of George*, 100 Ohio St.3d 1241, 2003-Ohio-5489, 798 N.E.2d 23, ¶ 5. Those presumptions have not been overcome here, because Judge Kate has successfully refuted Harmon's allegations against her.

{¶ 5} For example, Harmon claims that Judge Kate has disdain for his former counsel, as evidenced by the judge's alleged denial of his former counsel's request for an extension of time due to medical leave. Judge Kate, however, has submitted an entry demonstrating that Harmon's former counsel was in fact granted the requested extension of time. Similarly, Harmon claims that Judge Kate attempted to pressure the prosecutor to investigate his wife. Judge Kate, however, explains that she merely notified the prosecutor of potentially criminal behavior relating to the underlying case by sending him a copy of the magistrate's decision, as she has in other probate cases in which she suspects criminal

activity. Judge Kate further submitted an affidavit from the prosecutor, who averred that he has not been pressured by Judge Kate or anyone else to pursue the prosecution of any individual involved in the case. Finally, Harmon claims that Judge Kate has violated his constitutional right to a jury trial. But Judge Kate explains that she continued the trial because the case is currently pending on summary-judgment motions. She states that a trial date will be set if the case is not resolved by summary judgment. Thus, Harmon's bias claims based on these allegations are not well taken.

{¶ 6} In addition, Harmon's affidavit criticizes Judge Kate's legal rulings in the case. Primarily, Harmon appears dissatisfied with Judge Kate's appointment of the administrator, and he claims that she has "allowed" the administrator to "file a concealment action and use it as an accounting tool." An affidavit of disqualification, however, "is not a vehicle to contest matters of substantive or procedural law." *In re Disqualification of Solovan,* 100 Ohio St.3d 1214, 2003-Ohio-5484, 798 N.E.2d 3, ¶ 4. And a party's disagreement or dissatisfaction with a court's rulings—even if those rulings are erroneous—does not constitute bias or prejudice. *In re Disqualification of Floyd,* 101 Ohio St.3d 1217, 2003-Ohio-7351, 803 N.E.2d 818, ¶ 4. The remedy for Harmon's legal claims, if any, lies on appeal, not through the filing of an affidavit of disqualification. *In re Disqualification of Russo,* 110 Ohio St.3d 1208, 2005-Ohio-7146, 850 N.E.2d 713, ¶ 6.

{¶ 7} Finally, Harmon claims that Judge Kate has allowed her magistrate and the administrator to "blackmail" him. Harmon has not further explained this allegation. "[V]ague, unsubstantiated allegations of the affidavit are insufficient on their face for a finding of bias or prejudice." *In re Disqualification of Walker,* 36 Ohio St.3d 606, 522 N.E.2d 460 (1988).

{¶ 8} For the reasons stated above, the affidavit of disqualification is denied. The case may proceed before Judge Kate.