## IN RE DISQUALIFICATION OF BARTOLOTTA.

## IN RE ESTATE OF ANDOLSEK.

2016-Ohio-8585.]

(No. 16–AP–056—Decided July 28, 2016.)

O'CONNOR, C.J.

{¶ 1} Yolanda Andolsek has filed two affidavits with the clerk of this court under R.C. 2101.39 and 2701.03 seeking to disqualify Judge Mark Bartolotta from presiding over any further proceedings in the administration of her father's estate.

{¶ 2} Andolsek claims that Judge Bartolotta is biased against her and favors the court-appointed estate administrator, Russell Meraglio Jr. Andolsek also asserts that Judge Bartolotta has a conflict of interest in the matter. Judge Bartolotta has responded in writing to Andolsek's affidavits, detailing his handling of the case and asserting that he has conducted the proceedings fairly and impartially.

{¶ 3} For the reasons explained below, no basis has been established to order the disqualification of Judge Bartolotta.

{¶ 4} Andolsek seeks Judge Bartolotta's disqualification primarily because she is dissatisfied with Meraglio's handling of the estate and is unhappy that Judge

Bartolotta denied her requests to remove Meraglio as administrator. She further argues that Judge Bartolotta did not follow the procedural requirements for appointing Meraglio. An affidavit of disqualification, however, "addresses the narrow issue of the possible bias or prejudice of a judge," and "[i]t is not a vehicle to contest matters of substantive or procedural law." *In re Disqualification of Solovan*, 100 Ohio St.3d 1214, 2003-Ohio-5484, 798 N.E.2d 3, ¶ 4. Accordingly, whether Judge Bartolotta properly appointed Meraglio is outside the scope of this proceeding, and it cannot be assumed that Judge Bartolotta is biased against Andolsek merely because he denied her motions to remove the administrator. Indeed, "[i]t is well established that dissatisfaction or disagreement with a judge's rulings, even if those rulings may be erroneous, does not constitute bias or prejudice and is not grounds for the judge's disqualification." *In re Disqualification of Floyd*, 101 Ohio St.3d 1217, 2003-Ohio-7351, 803 N.E.2d 818, ¶ 4.

{¶ 5} Additionally, Andolsek has not established that Judge Bartolotta has any conflict of interest in the matter. Andolsek first claims that the judge has a conflict because he has appointed Meraglio to an "unusual number of probate cases." To support this allegation, Andolsek submitted a 2002 newspaper article indicating that the Lake County probate court had appointed Meraglio to over 75 percent of court-appointed guardianships. The underlying case, however, is not a guardianship proceeding. More importantly, the newspaper article named a former probate court judge as the individual who appointed Meraglio to those cases. Indeed, Judge Bartolotta assumed office over a decade after the newspaper published the article. And Andolsek has failed to further explain how Meraglio's history with court-appointed guardianship cases in the Lake County probate court somehow creates a conflict for Judge Bartolotta in the underlying estate case.

{¶ 6} Second, Andolsek avers that Judge Bartolotta has a conflict because he and Meraglio serve together on the Lake Metroparks board. In response, Judge Bartolotta explains that as the county probate court judge, he appoints the three members of the Lake Metroparks Board of Park Commissioners but he does not serve on the board. Further, the judge states that Meraglio serves only as legal counsel for the board—a position he held before Judge Bartolotta took office. Accordingly, it appears that Andolsek's allegation here is based on an incorrect assumption.

{¶ 7} Third, Andolsek claims that the judge has a conflict because Meraglio's law firm, Reminger Co., L.P.A., contributed $3,600 to the judge's campaign for judicial office. For his part, Judge Bartolotta acknowledges that several attorneys from Reminger attended one or more of his fundraisers, but the judge is unaware of the amount that they contributed. Although there could be exceptional circumstances in which significant and disproportionate political contribu-

tions create an appearance of impropriety, *see, e.g., Caperton v. A.T. Massey Coal Co., Inc.*, 556 U.S. 868, 884, 129 S.Ct. 2252, 173 L.Ed.2d 1208 (2009), Andolsek has not established that any such circumstances exist here. That some of Meraglio's colleagues at a large law firm may have contributed $3,600 to Judge Bartolotta's previous campaign is not sufficient to overcome the judge's presumption of impartiality. *See In re Disqualification of Bryant*, 117 Ohio St.3d 1251, 2006-Ohio-7227, 885 N.E.2d 246, ¶ 3 ("We presume * * * that judges are able to set aside any partisan interests once they have assumed judicial office and have taken an oath to decide cases on the facts and the law before them").

{¶ 8} Finally, Andolsek claims that Judge Bartolotta has a conflict of interest in reviewing the actions of the administrator that he selected. Specifically, she claims that the judge has an interest in finding that Meraglio acted appropriately because the judge appointed him. However, the mere fact that Judge Bartolotta appointed Meraglio as the administrator does not mean that he cannot fairly or impartially determine whether Meraglio should be removed for improper conduct or neglect of duties. *See* Flamm, *Judicial Disqualification*, Section 8.10, at 229–230 (2d Ed.2007) ("that a judge appointed counsel does not automatically give rise to a presumption that the judge will be predisposed in favor of her appointee, or disinclined to make a determination adverse to him").

{¶ 9} The disqualification of a judge is an extraordinary remedy. "A judge is presumed to follow the law and not to be biased, and the appearance of bias or prejudice must be compelling to overcome these presumptions." *In re Disqualification of George*, 100 Ohio St.3d 1241, 2003-Ohio-5489, 798 N.E.2d 23, ¶ 5. Andolsek has not submitted sufficient evidence to demonstrate that Judge Bartolotta is somehow partial to Meraglio, and therefore those presumptions have not been overcome in this case.

{¶ 10} The affidavit of disqualification is denied. The case may proceed before Judge Bartolotta.