O'Connor, C.J.
*1246 {¶ 1} John H. Forg, counsel for Stewart Worthen, has filed an affidavit with the clerk of this court under R.C. 2701.03 and 2701.031 seeking to disqualify Judge Joshua Berkowitz from presiding over any further proceedings in the above-referenced consolidated cases. This is the second affidavit of disqualification that Mr. Forg has filed in the underlying matters. His first affidavit was dismissed because he failed to comply with the filing requirements of R.C. 2701.03(B). 152 Ohio St.3d 1227, 2017-Ohio-9425, 95 N.E.3d 402.
{¶ 2} In his second affidavit, Mr. Forg claims that in a prior, unrelated case, Judge Berkowitz "displayed a marked bias" toward him. Specifically, Mr. Forg alleges that in the prior matter, Judge Berkowitz chastised him in chambers and in open court, failed to properly enforce the Civil Rules, and unfairly accused him of failing to pay the required fee for his client's jury demand, which resulted in his client's losing his right to a jury trial. Based on the judge's prior conduct, Mr. Forg avers that he has no confidence that he will receive a fair and impartial hearing in the underlying cases.
{¶ 3} Judge Berkowitz has responded in writing to the affidavit, denying any bias against Mr. Forg. The judge states that he acted with professionalism and courtesy toward all counsel in the prior case and that Mr. Forg's client in that matter waived his right to a jury trial by failing to comply with the local rule regarding court costs.
{¶ 4} For the reasons explained below, no basis has been established to order the disqualification of Judge Berkowitz.
{¶ 5} First, "[a]n affidavit of disqualification addresses the narrow issue of the possible bias or prejudice of a judge" and "is not a vehicle to contest matters of *287 substantive or procedural law." In re Disqualification of Solovan , 100 Ohio St.3d 1214, 2003-Ohio-5484, 798 N.E.2d 3, ¶ 4. Therefore, it is outside the scope of this proceeding to determine whether Judge Berkowitz properly applied the civil and/or local rules in the prior proceeding involving Mr. Forg. "Dissatisfaction or disagreement with a judge's ruling of law, without more, does not constitute bias or prejudice and thus is not grounds for disqualification." Id.
{¶ 6} Second, Mr. Forg has failed to substantiate his allegations against Judge Berkowitz. To prove a bias claim, an affiant is often "required to submit evidence beyond the affidavit of disqualification supporting the allegations contained therein." In re Disqualification of Baronzzi , 135 Ohio St.3d 1212, 2012-Ohio-6341, 985 N.E.2d 494, ¶ 6. Here, Mr. Forg set forth several allegations that could have *1247 been substantiated by other evidence. For example, he claimed that Judge Berkowitz "chastised" him "in open court." Yet Mr. Forg failed to submit a transcript to support that claim. Mr. Forg's vague and unsubstantiated allegations are insufficient on their face for a finding of bias or prejudice. See In re Disqualification of Walker , 36 Ohio St.3d 606, 522 N.E.2d 460 (1988).
{¶ 7} In sum, Mr. Forg may have had other remedies for his dissatisfaction with how Judge Berkowitz handled the previous case, but he has not demonstrated that the judge's actions in that matter were the product of personal bias against him. Nor has Mr. Forg established that the judge has any ongoing bias.
{¶ 8} The affidavit of disqualification is therefore denied. The cases may proceed before Judge Berkowitz.