O'Connor, C.J.
*1254 {¶ 1} Jonathan T. Sinn, counsel for the defendant, has filed an affidavit with the clerk of this court pursuant to R.C. 2701.03 seeking to disqualify Judge Frank G. Forchione from presiding over any further proceedings in the above-referenced case, now pending for trial.
{¶ 2} Mr. Sinn claims that Judge Forchione is biased against the defendant based on information that the judge received ex parte from the prosecutor's office before the initial pretrial conference. Mr. Sinn is also critical of Judge Forchione's participation in plea negotiations and claims that the judge is personally hostile toward him.
*856 {¶ 3} Judge Forchione has responded in writing to the affidavit and believes that there is no basis for his disqualification. According to the judge, he has adopted a pretrial policy by which prior to the first court conference, the parties may provide the court with documents that could assist him in understanding the case and make the initial pretrial meaningful. In this case, Judge Forchione acknowledged receiving and reviewing the indictment, police report, and another report-presumably from the prosecutor-before the first pretrial. The judge also acknowledges that during the first pretrial, he "expressed discomfort" with the parties' proposed plea bargain and suggested a longer sentence. The judge states that he also advised the defendant that he would not be punished for choosing to exercise his constitutional right to a jury trial. Finally, Judge Forchione notes that although Mr. Sinn has engaged in challenging and disrespectful behavior during this litigation, the judge has treated him fairly.
{¶ 4} For the reasons explained below, Mr. Sinn has not established that Judge Forchione's disqualification is warranted.
{¶ 5} As an initial matter, an affidavit of disqualification must be filed "as soon as possible after the incident giving rise to the claim of bias and prejudice occurred," and the failure to do so may result in waiver of the objection, *1255 especially when "the facts underlying the objection have been known to the party for some time." In re Disqualification of O'Grady , 77 Ohio St.3d 1240, 1241, 674 N.E.2d 353 (1996). Most of the events giving rise to Mr. Sinn's affidavit occurred before or during the first pretrial conference in January 2018. Yet Mr. Sinn waited until July 27, 2018-just ten days before the scheduled trial-to file his affidavit. Because nothing in the record justifies the delay in filing the affidavit, Mr. Sinn has waived the right to disqualify Judge Forchione based on the judge's alleged conduct at the initial pretrial conference. See In re Disqualification of Corrigan , 91 Ohio St.3d 1210, 741 N.E.2d 137 (2000) (affiant waived objections to judge when incidents giving rise to claim of bias occurred "several months prior to the filing of the affidavit" and affidavit was filed "less than three weeks before the scheduled trial").
{¶ 6} Even if Mr. Sinn had not waived his objections to Judge Forchione, the record does not set forth sufficient grounds for disqualification. In disqualification requests, "[t]he term 'bias or prejudice' 'implies a hostile feeling or spirit of ill-will or undue friendship or favoritism toward one of the litigants or his attorney, with the formation of a fixed anticipatory judgment on the part of the judge, as contradistinguished from an open state of mind which will be governed by the law and the facts.' " In re Disqualification of O'Neill , 100 Ohio St.3d 1232, 2002-Ohio-7479, 798 N.E.2d 17, ¶ 14, quoting State ex rel. Pratt v. Weygandt , 164 Ohio St. 463, 469, 132 N.E.2d 191 (1956). "The statutory right to seek disqualification of a judge is an extraordinary remedy. * * * A judge is presumed to follow the law and not to be biased, and the appearance of bias or prejudice must be compelling to overcome these presumptions." In re Disqualification of George , 100 Ohio St.3d 1241, 2003-Ohio-5489, 798 N.E.2d 23, ¶ 5.
{¶ 7} Mr. Sinn primarily alleges that during the first pretrial, Judge Forchione improperly relied on ex parte information from the prosecutor's office. Specifically, Mr. Sinn asserts that the prosecutor sent the judge various documents on January 5, 2018, pursuant to the judge's pretrial policy, but the prosecutor failed to provide the documents to the defendant until three days later. In response, Judge Forchione identifies the documents he received from *857 the prosecutor's office, but the judge fails to explain why he would have received those documents before defense counsel. As the Code of Judicial Conduct directs, "[t]o the extent reasonably possible, all parties or their lawyers shall be included in communications with a judge." Jud.Cond.R. 2.9, Comment 1. Judge Forchione should ensure that if parties submit documents to him, they include all other parties or their counsel in those communications. In disqualification requests, however, the issue is narrow and focused on the ability of a judge to fairly and impartially preside over a particular case. Although a judge's improper ex parte communications may result in the judge's removal from a case, see, e.g. , In re Disqualification of Sheward , 134 Ohio St.3d 1226, 2012-Ohio-6289, 982 N.E.2d 717, Mr. Sinn has *1256 failed to sufficiently explain why Judge Forchione's receipt of documents, such as the indictment or the police report, a few days before the defense demonstrates bias or otherwise requires the judge's disqualification.
{¶ 8} Similarly, Mr. Sinn has not substantiated his allegation that Judge Forchione is "openly hostile" toward him. Pursuant to R.C. 2701.03(B)(1), an affiant must include the "specific allegations on which the claim of interest, bias, prejudice, or disqualification is based and the facts to support each of those allegations." Mr. Sinn offered only his affidavit to support this allegation, although it could have been supported by other means. For example, Mr. Sinn claims that at a February 2018 hearing, Judge Forchione became "angry" at him "on the record." But Mr. Sinn failed to submit a copy of the hearing transcript to substantiate his allegation. Supporting evidence is necessary because Judge Forchione states that Mr. Sinn's behavior throughout the litigation was challenging and disrespectful. Without more, Mr. Sinn's vague and unsubstantiated allegation is insufficient to overcome the presumption that Judge Forchione is fair and impartial. See In re Disqualification of Baronzzi , 135 Ohio St.3d 1212, 2012-Ohio-6341, 985 N.E.2d 494, ¶ 6-9.
{¶ 9} Finally, Mr. Sinn criticizes the judge's involvement in plea negotiations. According to Mr. Sinn, Judge Forchione made a plea "offer" at the initial pretrial and warned that he would withdraw the "offer" if not timely accepted. Judge Forchione states, however, that he "expressed discomfort" with the parties' initial proposal and recommended a longer sentence. The judge states that he also advised the defendant that the "offer" could be withdrawn-presumably if not timely accepted. This court "strongly discourages" a judge's active participation in plea negotiations. State v. Byrd , 63 Ohio St.2d 288, 293, 407 N.E.2d 1384 (1980). "[D]ue to the judge's position in the criminal justice system," such participation "presents a great potential for coerced guilty pleas and can easily compromise the impartial position a trial judge should assume." Id. ; see also State v. Filchock , 116 Ohio App.3d 572, 577, 688 N.E.2d 1063 (11th Dist.1996) ("it is highly irregular for the court itself to propose a plea bargain"); American Bar Association, ABA Standards for Criminal Justice: Pleas of Guilty , Section 14-3.3(d) (3d Ed.1999) ("A judge should not ordinarily participate in plea negotiation discussions among the parties. * * * [A] judge may be presented with a proposed plea agreement negotiated by the parties and may indicate whether the court would accept the terms as proposed and if relevant, indicate what sentence would be imposed").
{¶ 10} The record here does not contain any transcripts of the plea discussions. Based on this sparse record, Mr. Sinn has not established that Judge Forchione's participation in plea negotiations-which appears to be limited to the length of the *858 sentence-is likely to affect his ability to conduct a fair and impartial trial. The judge is cautioned, however, that active participation in plea negotiations *1257 may create a misleading impression as to the judge's role in the proceedings or lead to the appearance that the judge's impartiality may be impaired. See Flamm, Judicial Disqualification , Section 13.4, at 349-353 (2d Ed.2007). If Mr. Sinn believes that Judge Forchione made decisions based on facts that were not part of the record or that the judge's conduct compromised his client's constitutional rights, he may raise those issues on appeal.
{¶ 11} The affidavit of disqualification is denied. The case may proceed before Judge Forchione.