IN RE DISQUALIFICATION OF SWIFT.

IN RE ESTATE OF ZWINGLER.

[Cite as *In re Disqualification of Swift*, ___ Ohio St.3d ___, 2019-Ohio-1626.]

*Judges—Affidavits of disqualification—R.C. 2101.39 and 2701.03—Affiant failed to demonstrate bias or prejudice—Disqualification denied.*

(No. 19-AP-029—Decided March 8, 2019.)

ON AFFIDAVIT OF DISQUALIFICATION in Mahoning County Court of Common Pleas, Probate Division, Case No. 13 ES 364.

_____

**O'CONNOR, C.J.**

{¶ 1} Scott A. Melton has filed an affidavit with the clerk of this court pursuant to R.C. 2701.03 and 2101.39 seeking to disqualify Judge Thomas A. Swift, a retired judge sitting by assignment, from presiding over any further proceedings in the above-referenced case. Judge Swift recently scheduled a hearing for Mr. Melton to show cause why he should not be held in contempt.

{¶ 2} Mr. Melton claims that Judge Swift should be disqualified to avoid any appearance of impropriety created by the judge's relationship with Judge Robert Rusu, the current judge of the Mahoning County Probate Court, who recused himself due to a potential conflict of interest. According to Mr. Melton, the judges have a close relationship and "[e]very single probate case in which Judge Rusu has recused himself during 2018 has been assigned to Judge Swift at Judge Rusu's direction." Mr. Melton also asserts that by scheduling the show-cause hearing, Judge Swift has prejudged the issues, and Mr. Melton believes that another attorney involved in the underlying case has engaged in forum shopping.

{¶ 3} Judge Swift has responded in writing to the affidavit and requests that it be denied. The judge states that prior to being assigned to this case, he did not

know any of the parties or attorneys, and he does not believe that his scheduling of a hearing demonstrates bias or prejudice.

{¶ 4} For the reasons explained below, no basis has been established to order the disqualification of Judge Swift.

{¶ 5} First, Judge Swift's assignment to this case does not create an appearance of impropriety. Mr. Melton is correct that a disqualified or recused judge ordinarily should not select his or her successor. *See Guidelines for Assignment of Judges*, Section 2.5, https://www.sc.ohio.gov/JCS/ judicialAssignment/judgeAssignGuide.pdf (accessed Mar. 27, 2019) ("if the administrative judge has recused from a case, the administrative judge may not request a specific judge to be assigned to that case"); Flamm, *Judicial Disqualification*, Section 22.4, at 653 (2d Ed.2007) ("proper procedure ordinarily requires that a judge should not attempt to intervene in the selection of his successor—much less assign the case to another judge" [footnotes omitted]). But here, the chief justice assigned Judge Swift to the underlying case—not Judge Rusu. And although it is true that Judge Swift regularly hears cases in the Mahoning County Probate Court as a visiting judge, Mr. Melton has failed to sufficiently explain why Judge Swift's professional or personal relationship with Judge Rusu would cause an objective observer to harbor serious doubts about Judge Swift's impartiality in this matter. *See In re Disqualification of Lewis*, 117 Ohio St.3d 1227, 2004-Ohio-7359, 884 N.E.2d 1082, ¶ 8 (setting forth the proper test for disqualifying a judge based on an appearance of impropriety).

{¶ 6} Second, the mere fact that Judge Swift scheduled the show-cause hearing does not establish that he is biased or that he has prejudged any issues in the case. Nor does Mr. Melton's belief that an attorney engaged in forum shopping support the judge's removal. "A judge is presumed to follow the law and not to be biased, and the appearance of bias or prejudice must be compelling to overcome these presumptions." *In re Disqualification of George,* 100 Ohio St.3d 1241, 2003-

2

Ohio-5489, 798 N.E.2d 23, ¶ 5. Mr. Melton's allegations have not overcome those presumptions. He may have other remedies if he believes that the probate court lacks jurisdiction over certain claims or if the court failed to properly notify him of the scope of the show-cause hearing. But it is well settled that an "affidavit of disqualification addresses the narrow issue of the possible bias or prejudice of a judge. It is not a vehicle to contest matters of substantive or procedural law." *In re Disqualification of Solovan,* 100 Ohio St.3d 1214, 2003-Ohio-5484, 798 N.E.2d 3, ¶ 4. Without more, it is outside the scope of this proceeding to review a probate court's jurisdiction or the propriety of a judge's decision to schedule a hearing.

{¶ 7} The affidavit of disqualification is denied. The case may proceed before Judge Swift.

————————————