[Cite as *A.A. v. F.A.*, 2018-Ohio-3376.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| A. A. | : | JUDGES: |
| | : | |
| | : | Hon. John W. Wise, P.J. |
| Plaintiff-Appellee | : | Hon. W. Scott Gwin, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. 17 CAF 12 0078 |
| | : | |
| F. A. | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Delaware County Court
of Common Pleas, Domestic Relations
Division, Case No. 14 DR A 010028

JUDGMENT:                     AFFIRMED

DATE OF JUDGMENT ENTRY:       August 21, 2018

APPEARANCES:

For Plaintiff-Appellee:                For Defendant-Appellant:

MATTHEW M. NIERMAN                     F. A., PRO SE
1391 West 5th Ave., Unit 448           8155 Appleridge Dr.
Columbus, OH 43212                     Lewis Center, OH 43035

*Delaney, J.*

{¶1}  Defendant-Appellant F. A. appeals the November 28, 2017 judgment entry of the Delaware County Court of Common Pleas, Domestic Relations Division.

**FACTS AND PROCEDURAL HISTORY**

{¶2}  Plaintiff-Appellee A. A. ("Father") and Defendant-Appellant F. A. ("Mother") were married on July 27, 1996. Two children were born as issue of the marriage: J.A. (born on June 28, 2001) and D.A. (born on March 17, 2006).

{¶3}  Father filed a complaint for divorce on January 17, 2014. He filed a motion for exclusive use of the marital residence. Mother filed an answer to the complaint and a memorandum contra to Father's motion for exclusive use. The trial court issued temporary orders on February 28, 2014.

{¶4}  The trial court appointed a Guardian ad Litem on April 3, 2014.

{¶5}  The matter was set for trial on October 8, 2014. Mother asked for a continuance and the matter was set for pretrial on December 8, 2014, with trial to proceed in February 2015. The trial court awarded Father exclusive use of the marital residence on October 10, 2014.

{¶6}  On December 1, 2014, Mother filed a motion for exclusive use of the marital residence. Father objected to the motion. The pretrial went forward on December 8, 2014.

{¶7}  The GAL filed her report on February 12, 2015. She recommended Father be named the residential parent and legal custodian. Her custody recommendation was based in part on incidents of domestic violence involving Mother and children. The GAL noted the police were called to the marital home on numerous occasions by the family. Mother called the police to the home after she reported the children were violent towards

her. The children were handcuffed by the police. On May 12, 2012, the police were called to the home due to an incident involving Mother and J.A. Mother was charged with domestic violence, assault, resisting arrest, and disorderly conduct. The charges were dismissed because Mother was returning to Europe. On March 15, 2013, the police were called to the home involving an incident with Mother, J.A., and D.A. Mother was charged with two counts of domestic violence, disorderly conduct, endangering children, and assault. Mother plead guilty to one count of domestic violence, a first degree misdemeanor, and the remainder of the charges were dismissed. On July 14, 2014, the police were called to the home involving an incident with Mother, Father, and J.A. Mother was indicted on one charge of domestic violence, a fourth degree felony. A bench trial was held on November 18, 2014 and the trial court granted Mother's Crim.R. 29 motion and dismissed the charge. A hearing was then held before the domestic relations court where the GAL recommended supervised visitation with Mother and children at Buckeye Ranch. Buckeye Ranch is a facility in central Ohio that provides supervised visitation. Mother was also reminded that she could not enter the marital residence.

{¶8} In February 2015, the magistrate conducted a four-day trial where the parties appeared pro se.

{¶9} On December 17, 2015, Mother filed a motion to modify the temporary orders, requesting the trial court increase her parenting time and that it no longer be supervised. Mother filed a motion for contempt on January 15, 2016 and July 7, 2016, arguing the trial court should find Father in contempt for his failure to bring J.A. for visitation with Mother at Buckeye Ranch.

{¶10} The matter was set for another trial date on November 4, 2016 to address Mother's request for additional evidence. The GAL filed an updated report on November 4, 2016. The hearing went forth on November 4, 2016 and was set for an additional day of trial for December 14, 2016.

{¶11} The parties filed written closing arguments on January 9, 2017.

{¶12} On August 21, 2017, the GAL filed a motion with the trial court requesting that Mother be prohibited from being present at D.A.'s school. The trial court granted the motion on May 8, 2017.

{¶13} The magistrate issued his decision on September 5, 2017. The parties were granted a divorce on the grounds of incompatibility. Relevant to this appeal, Father was awarded sole custody of the children and Mother was granted supervised visitation at a third-party agency. Mother was ordered to pay child support in the amount of $349.97 per month.

{¶14} During the pendency of the case, Mother requested digital transcripts and audio recordings for multiple hearings. The trial court provided transcripts and recordings pursuant to Mother's requests.

{¶15} On September 19, 2017, Mother filed a motion for leave to file excerpts of transcript of proceedings. The trial court denied the motion.

{¶16} Also, on September 19, 2017, Mother filed objections to the magistrate's decision. Mother alleged the magistrate and GAL exhibited bias against her and partiality in favor of Father. Mother requested an extension for time to file a transcript of the proceedings. The trial court granted the motion for leave for extension.

{¶17} Mother filed transcripts from the December 8, 2014 and August 25, 2016 pretrials, and the December 14, 2016 trial.

{¶18} Mother filed a supplemental brief to her objections to the magistrate's decision on November 2, 2017. Mother raised the same objections as in her September 19, 2017 motion.

{¶19} On November 28, 2017, the trial court issued its judgment entry overruling Mother's objections to the magistrate's decision. The trial court first found Mother did not comply with Civ.R. 53 and Delaware Co. Loc.DR.R. 27.04 by filing transcripts from all the relevant hearings in this case. The trial court determined the transcripts of all the evidence submitted to the magistrate were necessary so it could conduct an independent review of the record to determine if the magistrate and/or the GAL were biased against Mother. The trial court had denied Mother's previous motion to file excerpts of transcripts.

{¶20} Notwithstanding the lack of transcripts of the full trial, the trial court considered Mother's objections to the magistrate's decision with the record before it. The trial court found Mother did not establish the magistrate and GAL exhibited bias against her. The record in the case supported the magistrate's decision to award custody of the minor children to Father.

{¶21} The Decree of Divorce was filed on November 28, 2017. It is from this judgment Mother now appeals.

## ASSIGNMENTS OF ERROR

{¶22} Mother raises two Assignments of Error:

{¶23} "I. APPELLANT'S RIGHTS TO DUE PROCESS GUARANTEED UNDER SECTION 1, ARTICLE I OF THE OHIO CONSTITUTION, AND FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION WERE VIOLATED.

{¶24} "II. THE TRIAL COURT ABUSED ITS DISCRETION IN ADOPTING THE MAGISTRATE'S DECISION."

## ANALYSIS

### II. The Trial Court's Independent Review of Magistrate's Decision

{¶25} We first consider Mother's second Assignment of Error to assist in our analysis of Mother's appeal. In Mother's first Assignment of Error, she contends the trial court erred when it failed to consider the transcripts she submitted in support of her objections to the magistrate's decision. Because the trial court did not conduct a proper review of the magistrate's decision, Mother contends the trial court abused its discretion when it overruled her objections and adopted the magistrate's decision.

{¶26} We note that at all times during these proceedings, Mother appears pro se. Nevertheless, she is bound by the same rules and procedures as litigants who retain counsel. *Miller v. State*, 5th Dist. Richland No. 15CA96, 2016–Ohio–4623, ¶ 27 citing *Meyers v. First National Bank of Cincinnati*, 3 Ohio App.3d 209, 210, 444 N.E.2d 412 (1st Dist.1981).

{¶27} Mother filed a motion for leave to file excerpts of the transcripts and the trial court denied her motion. Mother filed her objections to the magistrate's decision without supporting transcripts. In her objections, Mother alleged the magistrate and GAL were biased against her, resulting in the award of custody of the minor children to Father. During the proceedings, Mother issued subpoenas to the Buckeye Ranch employees

present during her supervised visitation. Mother also submitted the reports written by Buckeye Ranch employees memorializing her visits with the children. Mother wanted to cross-examine the employees who had authored a report regarding the visit for impeachment purposes. The magistrate denied Mother's request to enforce the subpoenas, finding their testimony was permissible but not probative. Mother argued the magistrate's evidentiary ruling demonstrated his bias against Mother. In her argument as to the GAL's alleged bias, Mother argued the GAL left out favorable information about Mother and included information regarding domestic violence in the GAL's reports to the trial court.

{¶28} After filing her objections to the magistrate's decision, Mother filed a motion for leave to extend time to file transcripts, which the trial court granted. Mother filed transcripts of the December 8, 2014 and August 25, 2016 pretrials and the December 14, 2016 trial. Mother then filed a supplemental brief for her objections to the magistrate's decision, reiterating her original objections.

{¶29} In ruling on Mother's objections, the trial court noted that Mother failed to file transcripts of the entire five-day hearing. Based on the severity of Mother's objections that the magistrate's and GAL's bias against Mother resulted in an award of custody to Father, the trial court found that Mother failed to meet the requirements of Civ.R. 53(D)(3)(b)(iii) and Delaware Loc.DR.R. 27.04(B) to submit all the evidence related to a factual finding. The trial court found the partial transcripts of the trial proceedings were insufficient to address Mother's objections that the magistrate and GAL were biased against her. The trial court, however, went on to conduct an independent review of the record and considered Mother's objections. It found that Mother failed to demonstrate

bias by the magistrate or the GAL. It determined there was sufficient evidence in the record to support the magistrate's decision to grant custody to Father. The trial court overruled her objections.

{¶30} Pursuant to Civ.R. 53(D)(3)(b)(iii), objections to the magistrate's factual findings must be supported by a transcript:

An objection to a factual finding, whether or not specifically designated as a finding of fact under Civ.R. 53(D)(3)(a)(ii), shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available. With leave of court, alternative technology or manner of reviewing the relevant evidence may be considered. The objecting party shall file the transcript or affidavit with the court within thirty days after filing objections unless the court extends the time in writing for preparation of the transcript or other good cause. If a party files timely objections prior to the date on which a transcript is prepared, the party may seek leave of court to supplement the objections.

{¶31} Delaware Loc.DR.R. 27.04(B) states:

All objections [to a magistrate's decision] shall be specific and state the grounds of objection with particularity. Any objection to a finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of that evidence if the transcript is not available. A transcript is deemed not available only if the proceedings was [sic] not recorded or if the record of the proceeding is not available.

{¶32} Mother contends the trial court erred when it refused to consider her partial transcripts when reviewing her objections to the magistrate's decision. "Generally, if only a partial transcript has been submitted, a trial court abuses its discretion by adopting an objected-to factual finding without reviewing the partial transcript." *Pallone v. Pallone*, 10th Dist. Franklin No. 15AP-779, 2016-Ohio-7066, ¶ 15 quoting *In re Estate of Kelch*, 2nd Dist. No. 24915, 2012–Ohio–5214, ¶ 21, citing *State Farm Mut. Auto. Ins. Co. v. Fox*, 182 Ohio App.3d 17, 2009–Ohio–1965, ¶ 13 (2d Dist.).

{¶33} Although a trial court is required to review a partial transcript, the trial court may determine the partial transcript is insufficient to resolve the appellant's objections. *Pallone*, at ¶ 16; *Regula v. Regula*, 5th Dist. Tuscarawas No. 97–AP–030018 (Aug. 6, 1997). *See Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199 (1980) ("When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm.").

{¶34} In this case, the trial court considered the partial transcripts submitted by Mother in support of her objections to the magistrate's decision. Based on Mother's argument that the magistrate's and the GAL's bias towards Mother resulted in a finding that Father should be awarded custody of the minor children, the trial court found the partial transcripts were insufficient to resolve Mother's objections. The trial court, however, did not overrule Mother's objections based on the insufficiency of the partial transcripts. The trial court considered Mother's objections based on the record before it and found Mother failed to establish bias by the magistrate and/or the GAL.

{¶35} We have reviewed the partial transcripts submitted by Mother and agree with the trial court's determination that bias by the magistrate and/or the GAL cannot be determined from her limited record. A factfinder is presumed not to harbor any bias or prejudice against a party and the moving party must provide evidence to overcome the presumption. Mother provided the trial court with a transcript of only one day out of a five-day trial. The magistrate stated in his decision that the divorce proceedings between Mother and Father were complex. At trial, Mother and Father appeared pro se. The magistrate stated in his decision that the complexity of the proceedings resulted in a lengthy, detailed, and complicated decision. We find no abuse of discretion for the trial court in this case to find the partial transcripts were insufficient to support Mother's objections to the magistrate's decision. Mother's second Assignment of Error is overruled.

{¶36} Because the status of the underlying record is now established, we next consider whether it was error for the trial court to adopt the magistrate's decision as raised in Mother's second Assignment of Error.

### I. Due Process Violation

{¶37} Mother contends in her first Assignment of Error that the trial court violated her due process rights when it determined Father should be named the residential parent and legal custodian of the minor children. Mother is correct when she states a parent has a fundamental liberty interest in the care, custody, and management of his or her child and an essential and basic civil right to raise his or her children. *In re Murray*, 52 Ohio St.3d 155, 156, 556 N.E.2d 1169 (1990). That right, however, is not absolute. "The natural rights of a parent * * * are always subject to the ultimate welfare of the child, which is the

polestar or controlling principle to be observed." *In re Cunningham*, 59 Ohio St.2d 100, 106, 391 N.E.2d 1034 (1979).

{¶38} "When a court of appeals reviews the decision of a trial court overruling or sustaining objections to a magistrate's decision, the standard of review is abuse of discretion." *Thompson Thrift Const. v. Lynn,* 2017-Ohio-1530, 89 N.E.3d 249, ¶ 56 (5th Dist.) citing *Kolano v. Kolano*, 5th Dist. Tuscarawas No. 2014AP060026, 2015–Ohio–1369. An abuse of discretion connotes that the trial court's attitude was arbitrary, unreasonable, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

### Alleged Bias by the Magistrate

{¶39} We first consider Mother's argument that the magistrate exhibited bias and prejudice towards Mother during the proceedings. "Judicial bias is 'a hostile feeling or spirit of ill will or undue friendship or favoritism toward one of the litigants or his attorney, with the formation of a fixed anticipatory judgment on the part of the judge, as contradistinguished from an open state of mind which will be governed by law and the facts.' " *Redmond v. Wade*, 4th Dist. Lawrence No. 16CA25, 2017-Ohio-7192, ¶ 23 quoting *In re Adoption of C.M.H.*, 4th Dist. Hocking No. 07CA23, 2008–Ohio–1694, ¶ 34, quoting *State ex rel. Pratt v. Weygandt*, 164 Ohio St. 463, 132 N.E.2d 191 (1956), paragraph four of the syllabus; *accord Hirzel v. Ooten*, 4th Dist. Meigs Nos. 06CA10, 07CA13, 2008–Ohio–7006, ¶ 62.

{¶40} "Trial judges are 'presumed not to be biased or prejudiced, and the party alleging bias or prejudice must set forth evidence to overcome the presumption of integrity.' " *Gould v. Gould*, 4th Dist. Lawrence No. 16CA30, 2017-Ohio-6896, ¶ 60

quoting *Viars v. Ironton*, 4th Dist. Lawrence No. 16CA8, 2016-Ohio-4912, ¶ 58, quoting *Rick's Foreign Exchange Co. v. Greenlee,* 2nd Dist. Montgomery No. 26096, 2014–Ohio–4505, ¶ 28. "The appearance of bias or prejudice must be compelling to overcome these presumptions." *Id.*; *In re Jorgensen,* 5th Dist. Licking No. 07–CA–96, 2008–Ohio–2967, ¶ 245–246; *see generally State v. Dean,* 127 Ohio St.3d 140, 2010–Ohio–5070, 937 N.E.2d 97, ¶ 2.

{¶41} Mother first contends the magistrate made a dishonest statement regarding a letter she sent to the trial court about her return to the Columbus-area. During cross-examination of the GAL, Mother states she asked the GAL whether she received a copy of the letter. The magistrate stopped Mother's line of questioning as to the letter. Mother argues the magistrate stopped her line of questioning to prevent Mother from establishing the GAL failed to perform her duties.

{¶42} Mother next contends the magistrate's evidentiary rulings as to her subpoenas to Buckeye Ranch employees showed the magistrate's bias against Mother. Mother was permitted to submit the Buckeye Ranch exhibits but was not permitted to have the Buckeye Ranch employees testify. Mother intended to cross-examine the employees for impeachment purposes.

{¶43} The issues raised by Mother in her objections to the magistrate's decision do not sound in bias or prejudice by the magistrate. The matters raised by Mother are challenges to the magistrate's evidentiary rulings. Challenges to the judge's evidentiary rulings and other legal decisions are not evidence of bias or prejudice. *In re Disqualification of Giesler*, 135 Ohio St.3d 1201, 2011-Ohio-7083, 985 N.E.2d 486, ¶ 10 citing *In re Disqualification of Floyd,* 101 Ohio St.3d 1217, 2003-Ohio-7351, 803 N.E.2d

818, ¶ 4. A trial court possesses broad discretion with respect to the admission of evidence and an appellate court will not disturb evidentiary rulings absent an abuse of discretion. *Mitchell v. Manders*, 5th Dist. Morrow No. 14CA0011, 2015-Ohio-1529, ¶ 54 citing *State v. Roberts,* 156 Ohio App.3d 352, 2004–Ohio–962, 805 N.E.2d 594 (9th Dist.).

{¶44} Mother has not shown the magistrate's evidentiary rulings in these specific instances were an abuse of discretion. During the trial, Mother cross-examined the GAL and was permitted to introduce the contemporaneous reports of her supervised visits with the children at Buckeye Ranch.

{¶45} Mother finally argues she was prejudiced by the delay in filing the magistrate's hearing from the date of trial. The trial was held on February 18, 19, 20, 2015; November 4, 2016; and December 14, 2016. The magistrate's decision was issued on September 5, 2017. The magistrate's decision was over 80 pages and contained more than 350 findings of fact and conclusions of law. Our review of the record in this case supports the magistrate's and trial court's determinations that this divorce proceeding was complex in its presentation. We acknowledge that an approximate eight month time period from end of trial and decision is challenging in a divorce proceeding, but under the circumstances of this case, we find no prejudice.

### Alleged Bias by the GAL

{¶46} Mother next contends the GAL showed bias towards Mother because the GAL did not include any positive information about Mother in her reports. As to this argument, we agree with the trial court's determination that Mother's partial transcript is insufficient to demonstrate the GAL's alleged bias. The GAL submitted two reports and it appears the GAL testified at trial as to those reports, but the trial court was without the

benefit of the entire transcript to review the GAL's testimony on direct and cross. When a party objecting to a magistrate's decision has failed to provide the trial court with the evidence and documents by which the trial court could make a finding independent of the report, the appellate court is precluded from considering the transcript of the hearing submitted with the appellate record. *J.S. v. T.S.*, 5th Dist. Knox No. 16CA18, 2017-Ohio-1042, ¶ 22 citing *Green Tree Servicing, L.L.C. v. St. John*, 5th Dist. Stark No. 2013 CA 00092, 2015–Ohio–1111, ¶ 18 citing *State ex rel. Duncan v. Chippewa Twp. Trustees*, 73 Ohio St.3d 728, 1995–Ohio–272, 654 N.E.2d 1254.

{¶47} The trial court determined without the entire trial transcript, the trial court was bound by the findings of fact as to the GAL's determinations. It could not determine if the GAL's reports were inconsistent with evidence presented at trial. We agree and find no abuse of discretion for the trial court to overrule Mother's objections as to the GAL.

{¶48} Mother's first Assignment of Error is overruled.

## CONCLUSION

{¶49} The judgment of the Delaware County Court of Common Pleas, Domestic

Relations Division, is affirmed.

By:  Delaney, J.,

Wise, P.J. and

Gwin, J., concur.