[Cite as *Amegatcher v. Amegatcher*, 2022-Ohio-1581.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| ALFRED NENE AMEGATCHER | JUDGES:<br>Hon. John W. Wise, P. J.<br>Hon. Patricia A. Delaney, J. |
|     Plaintiff-Appellee | Hon. Craig R. Baldwin, J. |
| -vs- | Case No. 21 CAF 11 0057 |
| FREDERIQUE AMEGATCHER nka<br>NGAKA | |
|     Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:    Civil Appeal from the Court of Common
Pleas, Domestic Relations Division, Case
No.  14 DRA 01 0028


JUDGMENT:    Affirmed


DATE OF JUDGMENT ENTRY:    May 11, 2022


APPEARANCES:

For Plaintiff-Appellee

ALFRED NENE AMEGATCHER, Pro se
759 Greenmont Drive
Lewis Center, Ohio  43035

For Defendant-Appellant

FREDERIQUE AMEGATCHER, Pro se
1529 Plumway Lane
Lewis Center, Ohio  43035

*Wise, P. J.*

**{¶1}** Defendant-Appellant Frederique Amegatcher nka Ngaka appeals the October 4, 2021, decision of the Delaware County Court of Common Pleas adopting and approving the June 7, 2021, Magistrate's Decision and overruling Appellant's Objections to Magistrate's Decision.

**{¶2}** Plaintiff-Appellee Alfred Nene Amegatcher did not file a brief in this appeal.

## STATEMENT OF THE FACTS AND CASE

**{¶3}** The relevant facts and procedural history are as follows:

**{¶4}** The parties in this matter were married on July 27, 1996. Two children were born as issue of the marriage: J.A. (DOB June 28, 2001) and D.A. (DOB March 17, 2006). J.A. became emancipated on June 28, 2019.

**{¶5}** Father filed a Complaint for divorce on January 17, 2014. The Decree of Divorce was filed on November 28, 2017, wherein Appellee was granted "sole allocation of parental rights and responsibilities and shall be the residential parent and legal custodian of the parties' two minor children." Judgment Entry, at 14, The trial court also ordered that:

[u]nless otherwise agreed as allowed by Plaintiff, Defendant's parenting time shall remain supervised at a third-party agency--Andrews House, or Welcome to Our Place--or Marion Care-Fit if there is no other alternative. The supervision will remain for a minimum of 6 or 9 monthly sessions-until Plaintiff and Defendant agree otherwise/Defendant files the necessary modification motion with evidence of the counseling for her with an appropriate provider regarding the report repairing the estrangement. *Id.*

{¶6} Appellant appealed that Decision to this Court on December 27, 2017, which affirmed the lower court's decision by Opinion filed August 21, 2018. *See A.A. v. F.A.,* 5th Dist. Delaware No. 17 CAF-12-0078, 2018-Ohio-3376.

{¶7} On March 16, 2018, Appellant filed a motion to reallocate parental rights and responsibilities. Appellant focused on the children's school attendance and performance, as well as Appellee's purported financial difficulties, as the basis for her contention that there was a change in circumstances warranting modification. The Magistrate disagreed and by Magistrate's Decision filed August 30, 2018, overruled her motion. Neither party filed objections and on September 19, 2018, the trial court filed a Judgment Entry adopting the Magistrate's Decision. Mother appealed to this Court, which affirmed the trial court's decision by Opinion and Entry filed May 3, 2019. *See A.A, v. F.A.,* 5th Dist. Delaware No. 18 CAF-10-0079, 2019-Ohio-1706.

{¶8} On November 13, 2018, the case was reactivated when Appellant-Mother filed a Motion to Rescind Backdated Child Support. This Motion was later withdrawn and at the time of trial, the following post-decree motions were pending: Mother's Motion for Reallocation of Parental Rights and Responsibilities, filed February 11 and 12, 2019; Mother's Motion for Contempt, filed December 31, 2019; and Mother's Refiling of Motion to Rescind Backdated Child Support, filed February 28, 2020.[1]

{¶9} Although the Motion for Reallocation of Parental Rights and Responsibilities addressed both children, due to J.A.'s subsequent emancipation, the Motion proceeded

---

[1] The Motion for an Order to Show Cause filed by Mother on February 16, 2021, although addressed in the Magistrate's Decision, was denied as moot by Magistrate's Order issued February 19, 2021

to trial solely as it related to D.A. A Guardian ad Litem was appointed for D.A. on February 21, 2020.

**{¶10}** The case proceeded to trial on March 10, 2021, before the magistrate. The hearing was conducted via Zoom video-conferencing due to the COVID-19 pandemic. Father appeared with counsel; Appellant-Mother appeared self-represented. Both parties testified on their own behalf. The Guardian ad Litem also testified, as did Delaware County Sheriff's Deputy John Herrington who was subpoenaed by Mother. Following the trial, the magistrate held an *in camera* interview with D.A. on March 12, 2021.

**{¶11}** On June 7, 2021, the magistrate issued his Decision. In his Decision, the magistrate denied Mother's Motion for Reallocation of Parental Rights and Responsibilities. In so doing, the magistrate evaluated Mother's claims and evidence regarding J.A.'s school fees, D.A.'s outstanding school fees, Mother's contact with D.A., D.A.'s grades, D.A.'s move to a new residence, and Father's alleged false statements before determining that none of these factors, individually or collectively, constituted a change in circumstances. The magistrate also considered the R.C. 3109.04(F)(1) factors and found that even had a change in circumstances occurred, it would not be in D.A.'s best interest to name Mother as legal custodian and residential parent.

**{¶12}** Finally, the magistrate proceeded to find that even had the first two conditions been met, the harm likely to be caused by a change in environment is not outweighed by the advantages of the change in environment to the child.

**{¶13}** The magistrate further found that Mother's Refiling of Motion to Rescind Backdated Child Support failed under the elements of res-judicata and therefore denied it as a matter of law.

**{¶14}** Finally, the magistrate denied Mother's Motion to Show Cause after finding that Mother had failed to provide clear and convincing evidence that Father was in contempt as "there is not an order that pertains to the allegation" in Mother's Motion. Magistrate's Decision at 32.

**{¶15}** On June 20, 2021, Appellant-Mother filed Objections to the Magistrate's Decision.

**{¶16}** On August 3, 2021, Appellant-Mother filed a Supplemental Brief to the Objections to Magistrate's Decision, which entirely encompassed the original filing of objections, that being that "the Magistrate erred throughout the Magistrate's Decision issued on June 7, 2021." Supp. Objections at 1.

**{¶17}** By Judgment Entry, Objections to Magistrate's Decision filed October 4, 2021, the trial court overruled Appellant-Mother's Objections and adopted the Magistrate's Decision.

**{¶18}** Appellant-Mother now appeals, assigning the following errors for review:

<u>**ASSIGNMENTS OF ERROR**</u>

**{¶19}** "I. THE MAGISTRATE'S DECISION IS PLAIN ERROR.

**{¶20}** "II. THE MAGISTRATE'S DECISION IS AN ABUSE OF DISCRETION.

**{¶21}** "III. THE TRIAL COURT'S JUDGMENT ENTRY IS AN ABUSE OF DISCRETION."

**I.**

**{¶22}** In her three assignments of error, Appellant argues the trial court erred in overruling her objections and adopting the Magistrate's Decision denying her Motion for Reallocation of Parental Rights. We disagree.

*Standard of Review*

**{¶23}** As explained by this Court in *Langley v. Langley*, 5th Dist. Coshocton No. 2103CA0015, 2014-Ohio-1651, 2014 WL 1519054, ¶ 20:

When reviewing objections to a magistrate's decision, the trial court is not required to follow or accept the findings or recommendations of its magistrate. *In re Anderson*, 2d Dist. Montgomery No. 25367, 2013-Ohio-2012 [2013 WL 2150826], ¶ 14. In accordance with Civ.R. 53, the trial court must conduct an independent review of the facts and conclusions contained in the magistrate's report and enter its own judgment. *Id.* Thus, the trial court engages a de novo standard of review, and should not adopt the magistrate's factual findings unless it agrees with them. *Crosby v. McWilliams* [*McWilliam*], 2d Dist. Montgomery No. 19856, 2003-Ohio-6063 [2003 WL 22681324] at ¶ 33-34. The trial court has discretion to determine whether to sustain or overrule an objection to a magistrate's decision, and we will not reverse that determination absent an abuse of that discretion. *Wade v. Wade*, 113 Ohio App.3d 414, 419, 680 N.E.2d 1305 (1996). For this Court to find an abuse of discretion, we must conclude that the trial court's determination was unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

*Reallocation of Parental Rights and Responsibilities*

**{¶24}** R.C. §3109.04(E)(1)(a) reads in pertinent part as follows:

The court shall not modify a prior decree allocating parental rights and responsibilities for the care of children unless it finds, based on facts

that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child, the child's residential parent, or either of the parents subject to a shared parenting decree, and that the modification is necessary to serve the best interest of the child. In applying these standards, the court shall retain the residential parent designated by the prior decree or the prior shared parenting decree, unless a modification is in the best interest of the child and one of the following applies:

(i) The residential parent agrees to a change in the residential parent or both parents under a shared parenting decree agree to a change in the designation of residential parent.

(ii) The child, with the consent of the residential parent or of both parents under a shared parenting decree, has been integrated into the family of the person seeking to become the residential parent.

(iii) The harm likely to be caused by a change of environment is outweighed by the advantages of the change of environment to the child.

{¶25} Upon review, we find that the trial court independently reviewed the matter and, having found no error of law or other defect evident on the face of the Magistrate's Decision, adopted and incorporated the findings of fact and conclusions of law by reference.

**{¶26}** In its decision, the trial court initially stated:

Some, such as that the Guardian ad Litem was not credible and/or did not comply with the Case Management Order, fail to allege any error committed by the magistrate. Others, such as Mother's claim that the magistrate erred in not promptly issuing a Magistrate's Decision following the initial divorce trial, fail to allege any error committed in the June 7, 2021 Magistrate's Decision and are further barred by res judicata. *See A.A. v. F.A.,* 5th District, Delaware No. 17-CAF-10-0079 (Aug. 21, 2018) ¶45.

A number of Mother's arguments are based on the premise that the magistrate erred in finding Father's and/or the Guardian ad Litem's testimony to be credible in the face of evidence that Mother presented. However, it is axiomatic that the trier of fact is in the best position to weigh the credibility of witnesses and their proffered testimony. *Wilson v. Rowe,* 5th Dist. Knox No. 15-CA-14, 2016-0hio-523, ¶30, citing *Season Coal Co., Inc. v. Cleveland,* 10 Ohio St.3d 77, 80, 461 N.E.2d 1273 (1984) "A finding of an error in law is a legitimate ground for reversal, but a difference of opinion on credibility of witnesses and evidence is not." *Seasons Coal* at 81.

**{¶27}** 10/04/2021 Judgment Entry at 4-5.

**{¶28}** The trial court then went on to find:

Having conducted an independent review of the record, this Court concurs with the magistrate that Mother provided no *persuasive* evidence that Father failed to disclose an alleged capital gain from the sale of the

former marital residence, that the Guardian ad Litem lied about visiting [D.A.]'s school, or that the Guardian ad Litem lied about conducting a home study at Father's residence. As such, Mother's arguments related to these examples are overruled. Similarly, Mother argues that Deputy Herrington's testimony proves that Father "admitted to parental alienation and "is therefore preventing visits." *Sup.* Objection ~ *at 8.* However, this Court concurs with the magistrate that Mother presented no persuasive evidence that Father hindered Mother's ability to visit the children in any way. Additionally, this Court finds that Mother failed to allege any error committed by the magistrate. As such, Mother's argument related to contact with the children are overruled.

Mother's arguments concerning her "overpayments" of child support suffer from the same problem; while Mother spends multiple pages recounting her testimony, she fails to allege any error committed by the magistrate in his June 7, 2021 Decision.

The magistrate did not err in finding Mother's *Refiling of Motion to Rescind Backdated Child Support* barred by res judicata.

**{¶29}** 10/04/2021 Judgment Entry at 5.

**{¶30}** The weight to be given to evidence and the credibility of witnesses are primarily matters for the trier of fact. *State v. DeHass* (1967), 10 Ohio St.2d 230. This deference given to the findings of fact in the trial court is founded on "the knowledge that the trial judge is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the

proffered testimony." *Seasons Coal Co. v. Cleveland* (1984), 10 Ohio St.3d 77, 80. Particularly in the absence of any rebutting evidence presented by Appellant, we give due deference to the finder of fact's assessment of the credibility and weight of evidence as presented by the witnesses.

{¶31} The trial court further found:

Ultimately, this Court finds that Mother's Supplemental Objections are an attempt to reargue her case before this Court. Mother restates everything that she believes she proved at trial while providing scant legal analysis in support of her arguments. However, this Court finds that, in this case, the transcript speaks for itself. Mother presented little new and/or relevant evidence for this Court to consider in support of her motions. The Magistrate, meanwhile, issued a thorough Decision carefully considering every possible permutation of Mother's claims. While this Court has not discussed each and every one the arguments Mother raises in her Supplemental Objections, this Court has carefully considered each one in reaching its decision herein.

Accordingly, Mother's Objections are overruled

{¶32} 10/04/2021 Judgment Entry at 9.

{¶33} Upon review of the case *sub judice*, we find that the trial court did not abuse its discretion in adopting the Magistrate's Decision and incorporating the Findings of Fact and Conclusions of Law.

{¶34} Because competent, credible evidence supports the trial court's decision, we find Appellant-Mother's assignments of error not well-taken and overrule same.

**{¶35}** Accordingly, the judgment of the Court of Common Pleas, Domestic Relations Division, Delaware County, Ohio, is affirmed.


By: Wise, P. J.

Delaney, J., and

Baldwin, J., concur.


JWW/kw 0509